**Donald L. CAPLINGER, Plaintiff,**

v.

**John O. MARSH, Jr., Secretary of the Army, Defendant.**

No. 89–0043C(6).

United States District Court, E.D. Missouri, E.D.

April 2, 1991.

Lisa Ann Green, St. Louis, Mo., for plaintiff.

Henry Fredericks, Asst. U.S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM

GUNN, District Judge.

This matter is before the Court on defendant's motion to dismiss or in the alternative for summary judgment. Plaintiff, Donald L. Caplinger, brings this action pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a, alleging that he was not selected for a position as a computer programmer due to his age. The defendant contends that plaintiff's complaint should be dismissed for failure to exhaust administrative remedies.

Having reviewed the memoranda, affidavits and exhibits submitted by the parties, the Court finds the following facts material to its determination.

In April of 1987 plaintiff Donald L. Caplinger, who was at the time forty-six years old, applied for one of three available positions as a computer programmer intern at Fort Leonard Wood. On July 21, 1987 plaintiff was informed that he had not been selected for any of the computer intern positions. In September 1987 plaintiff met with an Equal Employment Opportunity (EEO) counselor, Justifa Jones, concerning his non-selection for the position. It is undisputed that a chart indicating the proper procedures for filing an administrative discrimination complaint was posted in the counselor's office. In November of 1987 plaintiff met a second time with EEO counselor Justifa Jones. In February of 1988 plaintiff learned that he had thirty days to appeal his non-selection. Plaintiff's Aff. at ¶ 17. He asserts that he did not file an

administrative complaint at that time because more than thirty days had passed since his non-selection. In July of 1988 plaintiff visited the office of the Equal Employment Opportunity Commission in St. Louis and learned that the thirty-day limit for the filing of an administrative complaint can be extended for good cause shown. On August 16, 1988 plaintiff filed an informal administrative complaint with the EEO office at Fort Leonard Wood.

On the basis of the foregoing facts defendant asserts that plaintiff had actual notice of the thirty-day limit no later than February of 1988 and was required to bring his administrative complaint to the attention of an EEO officer within thirty (30) days of learning of that time limit. Plaintiff contends that the thirty-day time limit should be tolled until July of 1988 when he learned of the existence of the tolling provisions. Thus he contends that his informal complaint filed on August 16, 1988 was timely because it was filed within thirty days of the date on which he learned that the thirty-day time limit was subject to a tolling provision.

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *First Security Savings v. Kansas Bankers Surety Co.*, 849 F.2d 345, 349 (8th Cir. 1988); *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987). In passing on a motion for summary judgment, a court is required to view the facts and inferences that reasonably may be derived therefrom in the light most favorable to the nonmoving party. *Holloway v. Lockhart*, 813 F.2d 874, 876 (8th Cir.1987); *Economy Housing Co. v. Continental Forest Products, Inc.*, 757 F.2d 200, 203 (8th Cir.1985). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Foster v. Johns–Manville Sales Corp.*, 787 F.2d 390, 392 (8th Cir.1986). As the Supreme Court has stated:

The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Under the ADEA plaintiff is required to exhaust his administrative remedies or to institute suit in federal district court within 180 days of the alleged discriminatory event and no sooner than thirty days after the filing with the EEOC of "notice of intent to sue." *See* 29 U.S.C. § 633a(d). Plaintiff chose the administrative route by filing his complaint with the Fort Leonard Wood EEO office in August of 1988.

Pursuant to 29 C.F.R. § 1613.511, the administrative claims procedures applicable to actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, and codified at 29 C.F.R. § 1613.213 *et seq.*, also apply to actions under the ADEA. In order to comply with the aforementioned administrative claims procedures, a federal employee must bring a discrimination complaint to the attention of an EEO counselor within thirty (30) days of the date "that the aggrieved person knew or reasonably should have known of the discriminatory event." *See* 29 C.F.R. § 1613.214(a)(i). Pursuant to 29 C.F.R. § 1613.214(a)(4) the thirty-day time period may be extended only in certain limited circumstances:

The agency shall extend the time limits in this section: (i) when the complainant shows that he was not notified of the time limits and was not otherwise aware of them or that he was prevented by circumstances beyond his control from submitting the matter within the time limits or (ii) for other reasons considered sufficient by the agency.

In the case at bar, it is undisputed that more than thirty days elapsed between the plaintiff's receipt of notice of his non-selection and his initial meeting with an EEO counselor concerning the alleged act of dis-

crimination. Therefore, plaintiff's claim can only survive if the tolling procedures of 29 C.F.R. § 1613.214(a)(4) operate to save it. Moreover, the parties agree that plaintiff had actual notice of the discriminatory act and the thirty-day time limit no later than February 1988. *See* Plaintiff's Aff. at ¶ 17 and Defendant's Reply Brief at 1. However, plaintiff did not file an informal complaint with an EEO counselor until six months later in August of 1988.

Therefore, if the Court assumes that plaintiff's failure to file an administrative complaint is excused by his lack of knowledge of the time limits prior to February 1988, plaintiff must still account for his failure to file until August of 1988. Apart from his contention that he was unaware of the existence of the *tolling provision* until July of 1988, plaintiff has offered no reason for his failure to file an EEO complaint within thirty days of learning of the thirty-day time limit. Under the plain language of the regulation 29 C.F.R. § 1613.214(a)(4), plaintiff's entitlement to tolling depends upon his cognizance of the thirty-day limit, not on notice of the tolling provision. *See Plowman v. Cheney,* 714 F.Supp. 196, 200 (E.D.Va.1989); *Connolly v. U.S. Postal Service,* 579 F.Supp. 305, 307–08 (D.Mass. 1984). Plaintiff's contention that he was unaware of the existence of a *tolling provision* does not amount to a showing that he was "not notified of ..." or "was not otherwise aware of ..." the *"time limits"* within the meaning of the regulation. *See* 29 C.F.R. 1613.214(a)(4). (Emphasis supplied). Accordingly, the Court concludes that plaintiff is not entitled to tolling of the administrative time limits beyond thirty days from the end of February 1988. Thus, plaintiff's filing of an administrative complaint in August 1988 was not timely, and defendant is entitled to judgment as a matter of law due to plaintiff's failure to exhaust administrative remedies in a timely fashion.