**Jolanda N. JANCZEWSKI, Plaintiff,**

v.

**SECRETARY, SMITHSONIAN
INSTITUTION, Defendant.**

**Civ. A. No. 89–2793.**

United States District Court,
District of Columbia.

April 10, 1991.

Lisa Newell, Newman & Newell, Eric Steele, Washington, D.C., for plaintiff.

Madelyn Elise Johnson, David B. Orbuch, U.S. Attorney's Office, Washington, D.C., for defendant.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

Now before the Court is the Defendant's Motion to Dismiss plaintiff's claim of constructive discharge and the allegations found in paragraphs 10, 11, 12, 14 and 19 of her complaint which support the constructive discharge claim. The defendant moves to dismiss the claim and the allegations pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, alleging that this Court lacks jurisdiction to hear these matters due to the plaintiff's alleged failure to timely exhaust her administrative remedies. Upon consideration of the defendant's motion, the memorandum of points and authorities in support of that motion, and the plaintiff's opposition brief, the Court shall deny the defendants' motion to dismiss as to paragraphs 10, 14 and 19 and as to the plaintiff's constructive discharge claim, but will grant the defendants' motion to dismiss as to paragraphs 11 and 12 of the plaintiff's complaint for the reasons stated below.

### Statement of the Case

The plaintiff, Jolanda N. Janczewski, alleges in her complaint sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Specifically, she alleges that her supervisor, F. William Billingsley, engaged in a pattern of harassment, retaliated against her and eventually constructively discharged her because she is a female.

The plaintiff met with an EEO counselor on July 23, 1987 to complain of the treatment by her supervisor. On August 26, 1987, she filed a formal complaint of discrimination with the EEO office of the Smithsonian. The matter was not resolved to the satisfaction of the plaintiff at the administrative level. She, therefore, filed her complaint in this Court on October 11, 1991.

Defendants assert that this Court lacks jurisdiction over the plaintiff's constructive discharge claim.[1] The defendants contend that this claim is not properly before the Court since the plaintiff allegedly failed to bring this claim to the attention of officials at the Smithsonian within 30 calendar days of the day the plaintiff resigned. The defendant further questions this Court's jurisdiction over specific allegations of discrimination which, the defendant contends, were not brought to the attention of an EEO counselor within 30 calendar days of their occurrence.[2]

---

1. The plaintiff's constructive discharge claim is not contained in a separate count of the complaint but is included as a factual allegation in Paragraph 19 of the complaint.

2. Specifically, the defendant questions the Court's jurisdiction over allegations contained in paragraphs 10, 11, 12, and 19 of the plaintiff's complaint which state the following:
   10. Several weeks earlier, the plaintiff applied for the GM–13 Acting Safety Division Chief position. In light of her superior background and sustained high performance, she was well qualified for this position. Furthermore, she was the only applicant for this position. However, instead of selecting her, on January 30, 1987, Billingsley coerced Jamie Yereb, a may Safety Specialist in the office, to apply for the position. Billingsley then selected Yereb for this position on February 5.
   11. In early February 1987, Billingsley appointed the plaintiff the "Acting Chief" of the new Environmental Policy Branch. In this position, she performed functions equal to those handled by the other OSP Chiefs. Yet, while the other OSP Chiefs were compensated at or above the GM–13 level, she remained at the GS–12 level. The plaintiff raised this apparent disparity with Billingsley on numerous occasions, but he refused to take any action to

In the alternative, the defendant contends that these specific allegations and the plaintiff's constructive discharge claim are not properly before the Court since the plaintiff allegedly failed to file an action in this Court "[w]ithin thirty days of notice of final action taken" by the EEO office of the Smithsonian. *See* 42 U.S.C. § 2000e–16(c).

## Discussion

### I. *Filing With Agency Within 30 Days*

This Court's consideration of conduct alleged to have violated Title VII hinges on timely resort to the agency whose employment practices are challenged. *See Kizas v. Webster*, 707 F.2d 524, 544 (D.C.Cir. 1983), *cert. denied*, 464 U.S. 1042, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984). Under 29 C.F.R. § 1613.214(a), the plaintiff must have first consulted with an EEO counselor with 30 days of the acts constituting discrimination against him or her.

■ The timetable for filing administrative complaints is not jurisdictional but resembles a statute of limitations which is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Brown v. Marsh*, 777 F.2d 8, 14 (D.C.Cir.1985). Strict enforcement of the procedural technicalities of Title VII is "particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." *Love v. Pullman Co.*, 404 U.S. 522, 526–27, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972).

■ Equitable considerations must be given effect when the plaintiff fails to immediately learn of the facts giving rise to his or her complaint of discrimination. In the case of the plaintiff, she did not learn that Mr. Billingsley had allegedly coerced a male employee into applying for the position of Acting Chief of Safety Division, the position from which she had been rejected in February 1987, until July, 1987. It was only after she learned this fact that she began to believe that Mr. Billingsley discriminated against her in failing to hire her in February, 1987. She contacted the EEO counselor within 30 days of learning of this fact.

■ Equity tolls the 30 day time limit where the plaintiff "was not aware of the information giving rise to [her] complaint" until after the time has expired. *Jarrell v. United States Postal Office*, 753 F.2d 1088, 1092 (D.C.Cir.1985). The Court, therefore, holds that the plaintiff's failure to file an administrative complaint within 30 days of her non-hiring does not deprive this Court of jurisdiction over her claim of discriminatory non-hiring. The Court applies principles of equitable tolling in reaching its decision that the plaintiff filed a timely administrative complaint concerning the defendants' failure to promote her in February 1987. The Court shall not grant the defendant's motion to dismiss paragraph 10 of the plaintiff's complaint due to the plaintiff's failure to file an administrative claim within 30 days of the allegedly discriminatory non-hiring.

■ In paragraphs 11 and 12 of the complaint, the plaintiff alleges that when she was temporarily assigned to fulfill the duties of the Acting Chief of the new Environmental Policy Branch from February to

have her promoted to the GM–13 level. By contrast, Billingsley readily took action to promote similarly situated male employees. 12. In late March 1987, Billingsley assigned the plaintiff to oversee the technical quality of the Environmental Operations Branch in addition to her duties as the Acting Chief of the Environmental Policy Branch. Thus, she became responsible for a dual set of job responsibilities, and was therefore performing the duties of a GM–14 Division Chief. Yet, she was not compensated at the same pay and grade level as the male employees in OSP for similar responsibilities.

14. On or about July 13, 1987, Billingsley directed the plaintiff to prepare a speech on "Indoor Air Quality in Museums" for the Annual Museum Security Conference. At no point did Billingsley give a male employee a similar assignment.
19. This discrimination and retaliation caused the plaintiff severe emotional harm. In order to avoid further psychological stress, the plaintiff tendered her resignation on September 25, 1987.

March of 1987, she was not compensated at the same pay and grade level as the male employees performing similar duties. She did not immediately contact an EEO counselor concerning this allegation. The plaintiff's complaint indicated that she was aware of the disparity in compensation and "raised this apparent disparity with Billingsley on numerous occasions." Complaint at ¶ 11. In paragraph 12, the plaintiff alleges that she was assigned to oversee the technical quality of the Environmental Operations Branch in addition to her duties as the Acting Chief of the Environmental Policy Branch. She alleges that despite the fact that she was performing the duties of a GM–14 Division Chief, she was not compensated at the same pay and grade level as male employees with similar responsibilities. It is clear that despite the plaintiff's awareness of the disparity between her salary and the salaries of her male counterparts, she failed to file an administrative claim within 30 days of her the time in which she was aware of the discrimination. The plaintiff has failed to point to any excuse for failing to consult with an EEO counselor concerning her salary complaints. The Court shall, therefore, dismiss the claims set out in paragraphs 11 and 12 of the plaintiff's complaint. These paragraphs, insofar as they set out separate claims of discrimination, shall be dismissed. The plaintiff shall, however, be allowed to use the evidence alleged in paragraphs 11 and 12 as evidence of other, separate violations.[3]

■ In paragraph 14 of the complaint, the plaintiff alleges that, on or about July 13, 1987, Mr. Billingsley directed the plaintiff to prepare a speech, a type of assignment that Mr. Billingsley allegedly never gave a male employee. The complaint alleges that she contacted the EEO counselor on July 23, 1987, well within the 30–day administrative filing requirement. Whether or not the defendant has evidence that

Billingsley directed the plaintiff to prepare the speech some time before July 21, 1987, for the purpose of deciding a motion to dismiss, the plaintiff's allegation of fact are taken as true. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Doe v. United States Department of Justice,* 753 F.2d 1092, 1102 (D.C. Cir.1985). Therefore, the Court shall deny the defendants' motion to dismiss paragraph 14 of the plaintiff's complaint.

■ Paragraph 19 of the plaintiff's complaint alleges that the plaintiff tendered her resignation on September 25, 1987, in order to avoid further psychological stress. The Court shall read this allegation in conjunction with the plaintiff's claim of constructive discharge.[4] While it is true that the plaintiff did not formally notify the agency of her claim of constructive discharge until a prehearing conference before the EEOC Administrative Judge on June 22, 1989. This formal notification occurred well after the expiration of the 30–day time period. However, in submitting her resignation on September 28, 1987, the plaintiff wrote the following in her Request for Personnel Action:

> Due to incidents of sexual harassment, discrimination, violations of personnel regulations, physical threats, and subsequent reprisal actions, I am resigning until such time that these matters can be addressed and resolved. A formal EEO complaint has been filed against F. William Billingsley, which will address these issues. In addition, the recently issued proposal for my suspension is being considered as reprisal for my filing the EEO action, and will therefore be addressed as part of the complaint.

The form was signed by Billingsley on September 21, 1987, and the plaintiff resigned four days later. Since the 30–day filing requirement for administrative action is not a strict jurisdictional requirement, but, rather, is similar to a statute of limita-

---

**3.** The Court shall issue an order requiring the plaintiff to amend her complaint to clearly set out her legal claims in separate counts.

**4.** The plaintiff's claim of constructive discharge is not set out in a separate count of the com-

plaint but the Court, giving a liberal reading to the plaintiff's complaint, recognizes that the plaintiff is apparently alleging a separate claim of constructive discharge.

tions subject to equity concerns, the Court holds that this statement contained in the plaintiff's resignation was sufficient to put the agency on notice that she considered her resignation to be the functional equivalent of a constructive discharge. In *President v. Vance*, 627 F.2d 353, 360–61 (D.C. Cir.1980), the Court of Appeals held that the plaintiff's complaint and other documents in the administrative record were more than adequate to put the agency on notice that the plaintiff believed discrimination had adversely affected his promotional opportunities:

> By insisting that a federal employee seek relief within his agency in the first instance ... Congress did not ... intend to erect a massive procedural roadblock to access to the courts. On the contrary, far from hampering resort to these potential forums for resolution of discrimination claims, Congress contemplated that the exhaustion doctrine would be held within limits consonant with the realities of the statutory scheme.

*Id.* at 362. Under the circumstances, the Court held that the plaintiff did not fail to exhaust his administrative remedies. This Court accepts this reasoning of the Court of Appeals and holds that the statement contained in the plaintiff's resignation served as sufficient notice to the defendants of the plaintiff's claim of constructive discharge. Under the circumstances, the plaintiff's claim should not be dismissed for failure to amend her administrative complaint.

Given the reasoning above, the Court shall deny the defendants' motion to dismiss paragraphs 10, 14 and 19 of the plaintiff's complaint on the basis that the plaintiff failed to exhaust her administrative remedies. The Court shall grant the defendants' motion as to the claims contained in paragraphs 11 and 12 of the plaintiff's complaint.

II. *Failure to File Federal Court Claim Within 30 Days of Receipt of Agency Decision*

■ Pursuant to 42 U.S.C. § 2000e–16(c), a plaintiff in an employment discrimination against the federal government has the right to file a civil action within 30 days of receipt of the final action taken by the agency. In this case, the plaintiff received the final notice no earlier than September 11, 1989. Her attorney, however, received the notice on September 8, 1989. At 12:01 A.M. on October 11, 1989, one minute after the 30–day time limit for filing a Title VII complaint in district court had expired, the plaintiff filed the instant complaint.

In *Irwin v. Veterans Administration*, — U.S. —, 111 S.Ct. 453, 456, 112 L.Ed.2d 435 (1990), the Supreme Court held that, within the meaning of Title VII, notice of final action is received then the agency delivers its notice to a claimant or the claimant's attorney, whichever comes first. This case was decided after the filing of this lawsuit. The prevailing law in this jurisdiction at the time of the filing of the lawsuit was that notice delivered to the attorney was not the same as notice delivered to the claimant. This was established in this Circuit by *Bell v. Brown*, 557 F.2d 849 (D.C.Cir.1977). *See Josiah–Faeduwor v. Communications Satellite Corp.*, 785 F.2d 344 (D.C.Cir.1986) (*Bell* established a rule that only actual receipt by the claimant counts for federal sector Title VII cases). The Court declines to apply *Irwin* retroactively.

III. *Equitable Tolling of Statute of Limitations*

Even without the application of *Irwin*, the plaintiff failed to file her district court complaint within 30 days of receiving notice of the administrative decision. However, given the circumstances surrounding the filing of this lawsuit, this Court shall apply equitable principals that compel a one-minute tolling of the statute of limitations. This equitable power to toll the statute of limitations shall be "exercised only in extraordinary and carefully circumscribed instances." *Mondy v. Secretary of the Army*, 845 F.2d 1051, 1057 (D.C.Cir. 1988). This Court shall allow tolling in extraordinary circumstances such as those presented by the plaintiff.

The affidavit of plaintiff's former counsel establishes that his failure to file within the 30-day limit was a result of the temporary absence of a security guard or marshal at the courthouse entrance. The temporary absence caused the plaintiff to file this case one minute late.

In an analogous situation, the Court in *Garrison v. United States,* 688 F.Supp. 1469 (D. Nevada 1988) tolled the 15 day period in which federal employees must submit a formal written complaint to the agency following the final interview with the EEO counselor. In that case, the plaintiff's attorney deposited his administrative complaint in the United States mail in the late afternoon of the fifteenth day following his receipt of the Notice of Final Interview. As a consequence, the complaint was not postmarked until the following day, which was one day beyond the 15-day deadline. In rejecting the defendant's motion to dismiss, the Court stated:

> As has been pointed out on more than one occasion, the administrative deadlines in question here are not jurisdictional. Rather, they function like a statute of limitations, and 'like a statute of limitations [are] subject to waiver, estoppel, and equitable tolling.' The existence of such excusing circumstances should be considered in light of the purpose of the doctrine of exhaustion of administrative remedies.

*Id.* 688 F.Supp. at 1473, *citing Brown v. Marsh,* 777 F.2d 8, 14 (D.C.Cir.1985).

The purpose of the 30-day filing requirement is to insure that the defendants are put on "notice of adverse claims and to prevent plaintiffs from sleeping on their rights." *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 352, 103 S.Ct. 2392, 2397, 76 L.Ed.2d 628 (1983). Filing the complaint one minute late under the circumstances set forth in plaintiff's former counsel's affidavit does not offend these purposes. The defendants received notice of the plaintiff's claims no later due to the one minute delay. Further, the delay was clearly not caused by the plaintiff sleeping on her rights. The Court shall, therefore, deny the defendants' Motion to Dismiss paragraphs 10, 14 and 19 of the plaintiff's complaint along with her constructive discharge claim on the basis that she filed outside the 30-day time limit for filing a complaint in federal court.

### Conclusion

For the reasons stated above, the Court shall deny the defendants' Motion to Dismiss paragraphs 10, 14 and 19 of the plaintiff's complaint along with her constructive discharge claim. In doing so, the Court holds that the plaintiff has properly exhausted her administrative remedies as to these allegations and her claim and that equitable principles warrant tolling the statute of limitations for filing an action in this Court at the time the plaintiff's vainly attempted to file her complaint. The Court shall grant the defendants' Motion to Dismiss any claims set forth in paragraphs 11 and 12 of the plaintiff's complaint since the Court holds that the plaintiff failed to exhaust her administrative remedies as to these allegations. The plaintiff may still use the facts alleged in paragraphs 11 and 12 of the complaint as evidence of any other claims which shall be clearly set forth in her amended complaint.