**Donald R. BARRETT, Plaintiff,**

v.

**Anthony M. FRANK, Postmaster General, United States Postal Service, Defendant.**

No. 90 C 6816.

United States District Court, N.D. Illinois, E.D.

Nov. 25, 1991.

Michael John Halloran, Chicago, Ill., for plaintiff.

Jack Donatelli, James Anthony Shapiro, U.S. Attorney's Office, Chicago, Ill., for defendant.

## AMENDED ORDER

NORGLE, District Judge.

Before the court is defendant Anthony Frank's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For reasons that follow, the court grants the motion.

## FACTS

Plaintiff, Donald R. Barrett ("Barrett") is a disabled veteran who suffers from a hearing impairment and receives compensation based on ten percent disablement. He applied for and was offered a position as a distribution clerk with the postal service's Moraine Valley facility, scheduled to begin February 14, 1987. Shortly before that date, he was in an automobile accident and notified the Postal Service he would be unable to begin on the scheduled day. Consistent with policy, the Postal Service required plaintiff to submit medical documentation of the injury. He failed to comply and the job offer was terminated on February 24, 1987.

On March 31, 1987, plaintiff was offered a position as a part-time flexible carrier at the Brookfield facility. To qualify, plaintiff was required to take a driving test. He appeared at the proper place and time, but because his van had no seat belts he was not permitted to take the test. He rescheduled twice, but he failed to appear both times. On April 27, 1987, the offer was withdrawn because of plaintiff's failure to take the driving test.

On July 4, 1987, Barrett was offered the position of window clerk at the Chicago Ridge facility. He accepted and completed his training sessions for this position in a timely manner. However, in a letter dated August 1, 1987, Barrett resigned stating that his hearing impairment prevented him from hearing the customers.

On October 23, 1987, Barrett contacted an Equal Employment Opportunity ("EEO") Counselor complaining that the Moraine Valley and Brookfield jobs had been withdrawn because of his handicap. On July 20, 1988, he filed a formal EEO complaint. In February, 1990, before an Administrative Law Judge ("A.L.J."), Barrett claimed for the first time that his resignation from the Chicago Ridge post was actually a constructive discharge because of his handicap. He failed to provide written explanation for his delay in raising the claim even though the A.L.J. discontinued the hearing and ordered him to do so. In a decision rendered July 2, 1990, the Postal Service rejected Barrett's claim with respect to the Chicago Ridge facility as untimely. The Service also waived its defense that the claim was barred by the thirty-day time limit violations for the remaining two jobs, but nonetheless found that no discrimination because of Barrett's physical handicap occurred. The decision to reject the Chicago Ridge claim as untimely was affirmed by the Equal Employment Opportunity Commission ("EEOC") on October 23, 1990.

On November 26, 1990, plaintiff filed a complaint alleging violations of Title VII (42 U.S.C. § 2000e–16(c)), and 29 C.F.R. § 1613.281(b), (c). He asserted that the Moraine Valley and Brookfield positions were discriminatorily withdrawn because of his hearing handicap and that he was constructively discharged from the Chicago Ridge facility job. The complaint sought injunctive relief, reinstatement into these positions with back pay and benefits, or an award of front pay and benefits. On March 29, 1991, defendant filed his motion to dismiss the complaint. Despite two ex-

tensions of the original briefing schedule, the second of which required plaintiff's response on or before June 14, 1991, plaintiff has not filed any responsive pleadings.

## DISCUSSION

On a motion to dismiss, all well-pleaded factual allegations are taken as true. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). All reasonable inferences to be drawn from those allegations are also accepted as true. *Doe ex rel. Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transp. Servs., Inc.*, 795 F.2d 591, 594 (7th Cir.1986).

The court initially notes that plaintiff has deprived the court of the benefit of his response to defendant's motion to dismiss. Despite this failure, the court will consider the merits of the motion bearing in mind the appropriate legal standards.

Defendant's first basis for dismissal concerns that portion of the complaint alleging constructive discharge from the Chicago Ridge facility. Defendant maintains that plaintiff's failure to comply with 29 C.F.R. § 1613.214(a)(1)(i), requiring filing with the administrative agency within thirty days after the date the plaintiff knew or should have known of the violation, bars his action on that basis as untimely. The court agrees.

■ The right to bring a Title VII case against the federal government as a result of deprivation of rights, is dependent upon plaintiff's timely exhaustion of his administrative remedies. *Benford v. Frank*, 943 F.2d 609 (6th Cir.1991). Title 29 of the Code of Federal Regulations, § 1613.-214(a)(1)(i), requires the complainant to file for administrative remedies within thirty days of termination. *Rennie v. Garrett*, 896 F.2d 1057, 1059 (7th Cir.1990). This provision is no longer considered jurisdictional in nature but rather like a statute of limitations. *Id.* Nonetheless, failure to comply with this provision warrants dismis-

sal of the action. *Williams v. U.S. Postal Serv.*, 873 F.2d 1069, 1074 (7th Cir.1989). Thus failure to comply with this provision warrants dismissal of the action. *Id.; Saunders v. Stone*, 758 F.Supp. 1143 (E.D.Va.1991); *Boarman v. Sullivan*, 769 F.Supp. 904 (D.C.Md.1991).

Plaintiff readily admits he did not file his claim for constructive discharge within the requisite thirty-day limit. Complaint, ¶ 26. Indeed he first raised the claim on February 8, 1990, for the constructive discharge that supposedly occurred on August 1, 1987. Thus, there is no dispute that Barrett objected to the discharge well beyond the thirty-day limit.

■ The EEOC could have allowed the late filing if it found any just reason for the delay. 29 C.F.R. § 1613.214(a)(4); *McGuinness v. United States Postal Serv.*, 744 F.2d 1318, 1320–21 (7th Cir.1984). Nevertheless, that body enforced the A.L.J.'s decision. This court could similarly use equitable tolling to extend the filing deadline. *See, e.g., Madrid v. Rice*, 730 F.Supp. 1078, 1080–81 (D.Wyo.1990). But like the EEOC, this court does not find the facts of this case merit that result.

Equitable tolling allows a court to determine that a party should be able to file his claim after the thirty-day limit of § 1613.-214(a)(1)(i) has expired. *McGinty v. U.S. Dept. of Army*, 900 F.2d 1114, 1118 (7th Cir.1990). The *McGinty* court treated the thirty-day time limit like a statute of limitation and required some justification for the plaintiff's late filing. *Id.*

Here, plaintiff has failed to allege any cogent reason for his late filing. He contends he needed time for reflection before filing any action. Tolling is not properly employed because a plaintiff needed time for reflection. Rather, tolling is to be used by a court when the plaintiff did not file his action due to circumstances beyond his control. *Machado v. Frank*, 767 F.Supp. 416 (D.R.I.1991); *Janczewski v. Secretary, Smithsonian Institute*, 767 F.Supp. 1 (D.D.C.1991). When plaintiff has delayed one hundred days more than the thirty-day statute allowed, the court needs substantial

justification to extend the limitations period. None has been presented.

■ Plaintiff's complaint makes general allegations as to the unfairness of the thirty-day rule with respect to unrepresented parties and that he did not know of the thirty-day rule. Ignorance of this rule has been held not to be enough to invoke the court's equitable tolling powers. *Caplinger v. Marsh*, 761 F.Supp. 670 (E.D.Mo. 1991). Moreover, the EEOC requires that posters be displayed to apprise employees of this limitation period, a provision almost certainly implemented to combat this type of ignorance. There is no indication the posters were not properly displayed at the Chicago Ridge post office. *See Posey v. Skyline Corp.*, 702 F.2d 102 (7th Cir.1983) (failure to post requires tolling). Plaintiff almost certainly passed these posters informing him of these deadlines, even in his short tenure with the Postal Service. Further, as defendant's memorandum points out, plaintiff admitted that he would have had difficulty meeting the deadline even had he known of it because "he would have had difficulty alighting within [that time]."

The case of *McAlister v. Secretary of Dept. of Health and Human Servs.*, 900 F.2d 157 (8th Cir.1990), is strikingly similar to the case at bar. There, plaintiff complained he was discriminated against by the Department of Health and Human Services because of his hearing impairment. He, too, missed the thirty-day deadline for filing an action and the trial court dismissed the action. The appellate court considered plaintiff's contention that the district court erred when it dismissed plaintiff's claims for failure to follow the thirty-day requirement. Despite plaintiff's objections, that court held among other reasons, that the claim was barred. *Id.* at 158.

In this case, plaintiff has alleged he should not be time-barred in seeking judicial review of his case. However, plaintiff, by his own admission, failed to comply with the thirty-day rule. Further, he has failed to provide a persuasive reason for this court to invoke its equitable tolling power. Therefore, the claim based on constructive discharge from the Chicago Ridge facility is dismissed for failure to meet the requirements of 29 C.F.R. § 1613.214(a)(1)(i).

■ With regard to the Moraine Valley and Brookfield positions, plaintiff claimed in his complaint that those positions were withdrawn because of his handicap. At the administrative level, the Postal Service waived objection to the failure of Barrett to file these claims in a timely manner and that body eventually denied the claim. All agency decisions involving federal employee discrimination are entitled to *de novo* review. *Kontos v. U.S. Dept. of Labor*, 826 F.2d 573 (7th Cir.1987). Therefore, the actions of the parties in prior proceedings have no effect here. The defendant here again contends that defendant violated the time limit and therefore the claim is time-barred. Again, the court agrees.

With regard to those jobs, plaintiff has again failed to meet the same thirty-day time deadline as imposed by 29 C.F.R. § 1613.214(a)(1)(i). The complaints concerning these two jobs were filed seven and five months after the alleged discriminatory action, respectively. For these two contentions the Postal Service waived the deficiencies. However, this court is required to examine itself, *de novo*, whether tolling is appropriate here. *McGinty*, 900 F.2d at 1118. As discussed in sufficient detail above, plaintiff has offered no convincing argument why equitable tolling should be invoked. He has delayed for apparently no reason other than his own neglect. Tolling should not be implemented to condone this type of activity. Thus Barrett's claims regarding the Moraine Valley and Brookfield positions are also dismissed. Because of the court's disposition, the court need not consider defendant's other arguments.

## CONCLUSION

Defendant has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's claims. Plaintiff needlessly delayed at least five months in pursuing his administrative remedies on all claims. After a *de novo* review of the claims, this delay cannot be sanctioned by the court.

Therefore, the court dismisses the complaint in full.

IT IS SO ORDERED.