998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Johnnie EVERAGE, Plaintiff-Appellant,
v.
Marvin RUNYON, Postmaster General,**
Defendant-Appellee.
 No. 92-3197.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 7, 1993.*
Decided July 21, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Johnnie Everage brought a complaint against the Postmaster General alleging discrimination on account of race and handicapping condition in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e, et seq., and the 1973 Rehabilitation Act, 29 U.S.C. § 791. The district judge gave summary judgment for the Postmaster General because Everage failed to contact an Equal Employment Opportunity counselor within thirty days, as required by 29 C.F.R. § 1613.214(a)(1)(i), and because Everage's illiteracy and ignorance of his legal rights provided no justification for tolling this time period. See Barrow v. New Orleans Steamship Ass'n, 932 F.2d 473, 478 (5th Cir.1991). After reviewing the record and the parties' briefs, we agree with the district judge's conclusion, and therefore AFFIRM his decision for the reasons stated in the attached order. We note additionally that Everage's brief fails to advance any legal argument regarding the propriety of the district judge's decision, and contains no citation to case authority, in noncompliance with Rule 28(a)(5) of the Federal Rules of Appellate Procedure. Fed.R.App.P. 28(a)(5); McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir.1984); Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990).
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE EASTERN DISTRICT OF WISCONSIN
 
 2
 Johnnie Everage, Plaintiff,
 
 
 3
 v.
 
 
 4
 Anthony M. Frank, Postmaster General, U.S. Postal Service, Defendant.
 
 
 5
 July 13, 1992.
 
 Civil Action No. 90-C-0712
 DECISION AND ORDER
 
 6
 Presently before this court is the defendant Postmaster General's October 5, 1990 motion for summary judgment. For the reasons below, this court grants the motion and dismisses this action.
 
 Facts
 A. Everage's Discharge
 
 7
 Plaintiff Everage began working in the Postal Service's Milwaukee Division on January 7, 1984 (Def.'s Oct. 5 Mem. in Supp. of Mot. to Dismiss and/or Summ.Judg., Ex. C). On October 26, 1988, the Postal Service issued Everage a notice of proposed indefinite suspension (Id. Ex. B). The notice of proposed indefinite suspension charged Everage with (1) exaggerating the extent of an on-the-job injury for which Everage was attempting to claim disability compensation, and (2) falsifying his job application by failing to report an alleged arrest for lewd and lascivious behavior (Id.).
 
 
 8
 On October 29, 1988, attorney Thomas J. Flanagan ("Flanagan"), purporting to represent Everage in his effort to clear his record of the arrest for lewd and lascivious behavior, wrote the Milwaukee Police Department to request information regarding the arrest. The record does not reflect that Flanagan undertook any other actions on Everage's behalf.
 
 
 9
 On December 28, 1988, the Postal Service issued Everage a notice of proposed removal advising him that he would be discharged within thirty days for the same reasons listed in the notice of proposed indefinite suspension (See id. Ex. A). On February 28, 1989, the Postal Service discharged Everage (Id. Ex. G at 1).
 
 
 10
 B. Everage's Grievance-Arbitration Challenge
 
 
 11
 Everage challenged his discharge and suspension through the grievance-arbitration procedure contained in his union's collective bargaining agreement (See id. Ex. D (Dec. 13, 1989 Arbitration Award)). Everage's grievance proceeded to arbitration, and on December 13, 1989, an arbitrator denied the grievance, thereby upholding the suspension and discharge (Id.).
 
 
 12
 On May 4, 1990, Everage appealed the arbitrator's decision to the Merit Systems Protection Board ("MSPB"). On July 5, 1990, the MSPB dismissed Everage's appeal as untimely (Id. Ex. E (Jul. 5, 1990 MSPB Order)). The Federal Circuit Court of Appeals affirmed the MSPB's decision dismissing Everage's union grievance, reasoning that Everage had not justified his untimely appeal to the MSPB. The court of appeals noted that Everage had been informed of the deadline for appealing his discharge to the MSPB and that Everage's sixth-grade reading level did not excuse his noncompliance with the MSPB appeal deadline. Everage v. United States Postal Service, No. 91-3133, slip op. at 2 (Fed.Cir. Jun. 14, 1991).
 
 C. When Everage Contacted an EEO Counselor
 
 13
 On January 9, 1990, over ten months after his February 28, 1989 discharge, Everage contacted an EEO counselor regarding his complaint of discrimination; on June 20, 1990, the EEOC dismissed his complaint as untimely and issued Everage a right-to-sue letter (Id.).
 
 
 14
 On July 13, 1990, Everage commenced this action against the Postal Service and Postmaster General (collectively, "Postmaster General"), alleging that he was discharged because of his race and alleged physical handicap (Compl. p 1). On July 26, 1990, this court permitted Everage to proceed in forma pauperis.
 
 
 15
 On October 5, 1990, the Postmaster General filed the instant motion for summary judgment. The Postmaster General argues that Title VII of the Civil Rights Act of 1964, 42 United States Code § 2000e et seq., and the Rehabilitation Act, 29 U.S.C. § 291, provide the only remedies for Everage's complaint of employment discrimination as a federal employee, and that Everage's claims under these statutes must be dismissed because he failed to contact an Equal Employment Opportunities ("EEO") counselor within the thirty-day limit established in 29 C.F.R. § 1613.214. On November 7, 1991, Everage filed affidavits attesting to his fourth-to-fifth grade reading skills and his ignorance of thirty-day time limit for filing a complaint of discrimination with the EEOC.
 
 
 16
 On May 9, 1992, this court relieved attorney Robert Sutton of any further duties to represent Everage and denied without prejudice Everage's motion for appointment of new counsel (May 9, 1992 Order on Pending Non-Dispositive Motions at 5-6). This court also advised the parties that it would treat the Postmaster General's motion as one for summary judgment, permitted Everage to file an additional brief and affidavit(s) in opposition to that motion, and invited the Postmaster General to file an additional brief and affidavit in support of the motion (Id. at 6-7). Both Everage and the Postmaster General subsequently filed such materials.
 
 Analysis
 
 17
 The sole issue presently before the court is whether Everage has offered a legally sufficient excuse for his failure to contact an EEO counselor in a timely fashion. This court concludes that he has not, and it therefore dismisses his case.
 
 
 18
 This court must grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions, and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Trautvetter v. Quick, 916 F.2d 1140, 1147 (7th Cir.1990). The party moving for summary judgment has the burden of proving that no genuine dispute of material fact exists for trial, Hannon v. Turnage, 892 F.2d 653, 656 (7th Cir.1990), and this court must draw all reasonable inferences from the record in favor of the non-moving party. Johnson v. Pelker, 891 F.2d 136, 138 (7th Cir.1989). The factual record on summary judgment consists only of sworn testimony based upon personal knowledge; conclusory allegations, whether contained in pleadings or set forth in affidavits, are excluded. Fed.R.Civ.P. 56(e); Fed.R.Evid. 602; Koclanakis v. Merrimack Mut. Fire Ins. Co., 899 F.2d 673, 675 (7th Cir.1990). In order to preclude entry of summary judgment, an issue of fact must be "material," i.e., one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 19
 Everage alleges that the Postal Service discriminated against him because of his race and alleged physical handicap. Everage's only remedies for his claims are the Rehabilitation Act, Title 29 United States Code § 791, and Title VII of the Civil Rights Act of 1964. Brown v. General Services Administration, 425 U.S. 820, 826 (1976) (Title VII is the exclusive remedy for race discrimination in the federal employment context). Claims brought under the Rehabilitation Act are subject to the same administrative time limits governing Title VII actions. McGuinness v. United States Postal Service, 744 F.2d 1318, 1320 (7th Cir.1984); Barrett v. Frank, 776 F.Supp. 1312, 1314 (N.D.Ill.1991).
 
 
 20
 Before filing a Title VII action in federal court, a federal employee must comply with three separate administrative time limits. Rennie v. Garrett, 896 F.2d 1057, 1059 (7th Cir.1990). At issue here is the time limit that requires the federal employee to bring an employment discrimination complaint to the attention of an EEO counselor within thirty days of the effective date of the allegedly discriminatory personnel action. 29 C.F.R. § 1613.214(a)(1)(i).[1] This time limit for contacting an EEO counselor is not jurisdictional, but is instead akin to a statute of limitations and is subject to equitable tolling. Rennie, 896 F.2d at 1062. Therefore, where the plaintiff has failed to contact the EEO counselor in a timely fashion, he must be given the opportunity to raise equitable arguments, such as tolling, waiver, and estoppel, that might excuse his failure to comply with the time limitation. Id. Should the plaintiff fail to justify his tolling the limitations period, his case must be dismissed. Barrett, 776 F.Supp. at 1314.
 
 
 21
 Administrate time limits may be tolled on equity grounds only under extraordinary circumstances, as where the employer has actively misled the plaintiff regarding his rights or applicable time limits, or where the employer's discriminatory acts injured the plaintiff in a manner that would have prevented a reasonably diligent person from complying with the administrative time limits. See Irwin v. Veterans Administration, --- U.S. ----, 111 S.Ct. 453, 457-58 (1990) (collecting cases); Martinez v. Orr, 738 F.2d 1107, 1110 (10th Cir.1984) (collecting cases). The plaintiff must demonstrate particularly extraordinary circumstances where he has grossly exceeded the thirty-day time limit for contacting the EEO counselor. See Barrett, 776 F.Supp. at 1314-15 (plaintiff missed deadline by over 100 days).
 
 
 22
 Everage concedes that he did not contact an EEO counselor until more than nine months after the thirty-day time limit had expired.[2] Everage argues that this court should toll the administrative time limit because: (1) he was not represented by counsel at the time of his discharge, (2) he was unaware of the administrative deadlines governing the filing of this type of lawsuit, and (3) he can only read at a fourth-to-seventh grade level (Nov. 7, 1990 Everage Aff.; Pl.'s May 29 Br. in Opp. at 5).
 
 
 23
 None of these reasons justify applying the doctrine of equitable tolling, however.
 
 
 24
 The disputed factual issue of whether Everage ever consulted an attorney regarding the filing of this lawsuit during the thirty-day period following his termination is immaterial.[3] It is true that if Everage had consulted an attorney regarding his termination during the thirty-day period following his termination, this court could, on that ground alone, decline to toll the limitation period. E.g., Cano v. United States Postal Service, 755 F.2d 221, 222 (1st Cir.1985). However, Everage's converse claim--that he did not consult counsel during this period--does not in itself justify tolling the time limit. This court therefore need not determine the extent of attorney Flanagan's involvement in this case.
 
 
 25
 Everage's relatively poor reading abilities and his professed ignorance of relevant administrative time limits also do not justify tolling time limit, because Everage was given constructive notice of the applicable time limits. The EEOC requires the Postal Service only to provide employees with constructive notice of their anti-discrimination rights, which notice the Postal Service provided to Everage here. Title 29 C.F.R. § 1613.204(f) requires public agencies such as the Postal Service to publicize to its employees and to post permanently on official bulletin boards, among other things, (1) the name and address of the agency's EEO counselor, (2) his availability to counsel an employee who believes that he has been discriminated against, (3) the requirement that an employee consult the EEO counselor prior to filing a complaint of discrimination, and (4) the time limits for contacting the EEO counselor. During all material time periods, EEO notices conforming with the above requirements were posted on bulletin boards at all stations, branches, and management offices within the Milwaukee Division of the Postal Service (Jun. 5, 1992 Linda R. Pullen Aff. ("Pullen Aff.") pp 4, 5, 9, Ex. A). Employees at the Milwaukee Division are also advised of their EEO rights during their EEO rights during their initial employment orientation (Id. p 8). Everage's mere statement that had no actual knowledge of his the time limits does not give rise to any genuine issue of fact on this notice issue, because Everage nowhere disputes that the Postal Service posted adequate notice of his EEO rights. See Posey v. Skyline Corp., 702 F.2d 102, 106 (7th Cir.), cert. denied, 464 U.S. 960 (1983). This court therefore concludes that the Postal Service provided Everage with such constructive notice of his EEO rights and administrative time limits. See Posey, 702 F.2d at 105-06.
 
 
 26
 Everage also received actual notice of the thirty-day time limit prior to his termination. On January 29, 1988, over a year before his February 28, 1989 termination, the Postal Service issue Everage a letter of warning for "horseplaying on duty" (Pullen Aff. p 10, Ex. D (letter of warning)). Everage then contacted an EEO counselor regarding the letter of warning in a timely fashion, as confirmed by a letter that Everage received from that the EEO complaint processing manager on May 16, 1988 (Pullen Aff. pp 11-13, Exs. E (letter) & F (return receipt)). That letter, dated May 10, 1988, advised Everage of all applicable EEO administrative time limits, including thirty-day time limit for contacting an EEO counselor (Pullen Aff., Ex. E at 1). Thus, Everage received both constructive and actual notice of the time limit at issue, and actually complied with that time limit in an unrelated matter prior to his termination.
 
 
 27
 Because Everage received both constructive and actual notice of the time limit at issue, he is not entitled equitable tolling of the time limit, despite his purported ignorance of that limit and its legal effect. See Posey, 702 F.2d at 105-06 (constructive notice alone bars equitable tolling). Having therefore failed to justify his noncompliance with the thirty-day time limit set forth in 29 C.F.R. § 1613.214(a)(1)(i), Everage is barred from further prosecuting this action. Id. at 106. This court must therefore grant the Postmaster General's motion for summary judgment.
 
 
 28
 IT IS THEREFORE ORDERED that the defendant Postmaster General's October 5, 1990 motion for summary judgment is GRANTED pursuant to Fed.R.Civ.P. 56, and this action is DISMISSED WITH PREJUDICE.
 
 
 29
 Dated at Milwaukee, Wisconsin, this 13th day of July, 1992.
 
 BY THE COURT:
 
 30
 /s/ John W. Reynolds
 
 John W. Reynolds
 Senior Judge
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Everage has filed such a statement. Upon consideration of this statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs and the record
 
 
 **
 Substituted for Anthony M. Frank pursuant to Fed.R.App.P. 43
 
 
 [1]
 29 C.F.R. § 1613.214(a) provides in part:
 (a) Time limits. (1) An agency shall require that a complaint be submitted in writing by the complainant or representative and be signed by the complainant. The complaint may be delivered in person or submitted by mail. The agency may accept the complaint for processing in accordance with this subpart only if:
 (i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him/her to believe he/she had been discriminated against within 30 calendar days of the date of the alleged discriminatory event, the effective date of an alleged discriminatory personnel action, or the date that the aggrieved person knew or reasonably should have known of the discriminatory event or personnel action; ....
 
 
 [2]
 The alleged discriminatory event occurred on February 28, 1989, when Everage was discharged from the Postal Service. He did not contact an EEO counselor regarding the termination until January 9, 1990, over nine months after the thirty-day time limit had expired. The parties do not dispute that Everage's filing of a grievance with his union did not toll the administrative time limit for contacting an EEO officer. See International Union of Electrical, Radio, and Machine Workers AFL-CIO, Local 790 v. Robbins and Meyers, Inc., 429 U.S. 229, 236 (1976)
 
 
 [3]
 Based upon the current record, this court cannot determine the extent of Everage's December 1988 consultation with attorney Thomas J. Flanagan regarding Everage's attempt to purge his conviction for "lewd and lascivious" behavior from his record. This court has no factual basis for concluding that Everage's consultation was so closely related to his claim for relief in this action that the consultation gave him constructive notice of the time limit at issue. Because this disputed fact is immaterial, however, it does not bar entry of summary judgment in the Postmaster General's favor. Anderson, 477 U.S. at 248