Allen JOHNSON, et al., Appellants,

v.

Trudy H. PETERSON, Archivist, National Archives and Records Administration, Appellee.

No. 91–5331.

United States Court of Appeals, District of Columbia Circuit.

Argued April 23, 1993.

Decided June 29, 1993.

Alexia McCaskill, Washington, DC, argued the cause for the appellants. On brief were Mark D. Roth and Charles A. Hobbie, Washington, DC. Judith D. Galat, Washington, DC, also entered an appearance.

Jeffrey T. Sprung, Asst. U.S. Atty., Washington, DC, argued the cause for the appellee. On brief were Jay B. Stephens, U.S. Atty. at the time the brief was filed, and John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., Washington, DC.

Before SENTELLE, HENDERSON and RANDOLPH, Circuit Judges.

Opinion for the court filed by Circuit Judge KAREN LeCRAFT HENDERSON.

KAREN LeCRAFT HENDERSON, Circuit Judge:

Allen Johnson and James Henry Parker appeal the district court's dismissal of their lawsuit for failure to exhaust administrative remedies. Because Johnson and Parker failed to first take their claims to the Equal Employment Opportunity Commission (EEOC) after an arbitrator, acting under a negotiated grievance procedure, ruled against them, we affirm the district court.

## I.

Johnson and Parker are employees at the National Archives and Records Administration (National Archives). In September 1987, both Johnson and Parker, who are black males, applied for two vacant "Conservator" positions. The National Archives chose a white female to fill one position and abolished the other. As a result, Johnson and Parker filed grievances, alleging they had been denied the positions because of their race. Represented by their union, the American Federation of Government Employees (AFGE), the two men pursued their grievances through the negotiated grievance procedure contained in the collective bargaining agreement between the AFGE and the National Archives. The procedure culminated in arbitration. The arbitrator ruled against Johnson and Parker.

They then filed suit in district court under 42 U.S.C. § 2000e–16(c). Relying on the provision of the Civil Service Reform Act (CSRA), 5 U.S.C. §§ 7701 *et seq.*, that requires a federal employee with a grievance to elect between the negotiated grievance procedure and the statutory complaint procedure, *see* 5 U.S.C. § 7121, the district court concluded that Johnson and Parker had not exhausted their administrative remedies. The court dismissed their case, holding that they were required first to appeal the arbitrator's decision to the EEOC before seeking relief in district court.

Under the CSRA, the negotiated grievance procedure prescribed in a collective bargaining agreement is generally the exclusive path to redress for a federal employee with a grievance. 5 U.S.C. § 7121(a). Exceptions to the general rule, however, are found in subsections (d) and (e) of section 7121. Subsection (d) covers both pure discrimination and mixed discrimination cases.[1] Subsection (e) of section 7121 provides another exception

---

1. A pure discrimination case complains of discrimination only; a mixed case includes both a complaint of discrimination and a challenge to certain types of job actions taken by the agency and ultimately appealable to the Merit Systems Protection Board (MSPB). 5 U.S.C. § 7702.

for grievances related solely to job actions appealable to the Merit Systems Protection Board (MSPB) under 5 U.S.C. § 4303 and 5 U.S.C. § 7512. *See* 5 U.S.C. §§ 7121(d), (e); *see also American Fed. of Gov't Employees, Local 2052 v. Reno*, 992 F.2d 331, 333–34 (D.C.Cir.1993) [hereinafter *AFGE* ]. Johnson and Parker brought a pure discrimination claim; thus, subsection (d) governs this case.

Subsection (d) requires an employee with a pure case to make a binding choice between pursuing the matter "under the statutory procedure or the negotiated procedure but not both." 5 U.S.C. § 7121(d); *see also AFGE*, at 333; *Smith v. Kaldor*, 869 F.2d 999, 1005 (6th Cir.1989); *Vinieratos v. Department of the Air Force*, 939 F.2d 762, 768 (9th Cir.1991) (noting irrevocability of choice). The statutory grievance procedure for a pure case is outlined in 42 U.S.C. § 2000e–16 and the EEOC's accompanying regulations. If the employee wishes to pursue the statutory path, he must first consult an Equal Employment Opportunity (EEO) counselor at the employing agency "within 30 calendar days of the date of the alleged discriminatory event." 29 C.F.R. § 1613.213. The EEO counselor has 21 days to resolve the matter or to notify the employee of his right to file a formal complaint. *Id.* Under EEOC regulations, the employee is not deemed to have chosen the statutory path until he files the formal complaint. 29 C.F.R. § 1613.219. Having filed a formal complaint with his agency, the employee who thus chooses the statutory procedure may appeal the agency's ultimate decision in one of two ways. He may bypass further administrative procedures and seek *de novo* review in district court within 30 days after receiving notice of the agency's final decision.[2] 42 U.S.C. § 2000e–16(c). Alternatively, he may appeal an adverse decision to the EEOC. 29 C.F.R. § 1613.231. If he objects to the EEOC's final decision, he may seek *de novo* review in district court.[3] 42 U.S.C. § 2000e–16(c).

Johnson and Parker, however, did not follow the statutory procedure. Instead, they elected to pursue the negotiated grievance procedure which required them to submit their claim ultimately to arbitration. Once the arbitrator ruled, they sought direct *de novo* review in district court under 42 U.S.C. § 2000e–16. Because Johnson and Parker did not first appeal to the EEOC, the district court dismissed their claims. We affirm.

## II.

■ We begin our analysis with section 7121(d) which requires the employee to make an irrevocable choice between the statutory and the negotiated grievance procedures. Subsection (d) also provides that "[s]election of the negotiated procedure in no manner prejudices the right of an aggrieved employee ... to request the [EEOC] to review a final decision ... involving a complaint of discrimination of the type prohibited by any law administered by the [EEOC]." Implementing this provision, the EEOC promulgated a regulation that authorizes the employee to appeal the arbitrator's decision to the EEOC. 29 C.F.R. § 1613.231(b).

Both parties agree that subsection (d) *allows* Johnson and Parker to appeal the arbitrator's decision to the EEOC. If they had done so, they would have been able to proceed to district court within 30 days after the EEOC reached a decision. 42 U.S.C. § 2000e–16(c). The parties part company, however, on the question whether subsection (d)'s language is permissive or mandatory. Johnson and Parker rely on section 2000e–16(c) as well as the permissive language of the EEOC regulation ("a [c]omplainant *may* appeal to the Commission" (emphasis added)) to establish their right to seek direct district court review. 29 C.F.R. § 1613.231(b). The government, on the other hand, insists that subsection (d) *requires* Johnson and Parker to appeal first to the EEOC. Interpreting the language otherwise, according to the government, would undermine subsection (d)'s requirement that the employee must choose

---

2. If the agency fails to reach a decision within 180 days after the filing, the employee may also proceed directly to district court. 42 U.S.C. § 2000e–16(c).

3. The employee may also proceed to district court if the EEOC fails to make a decision within 180 days. 42 U.S.C. § 2000e–16(c).

either the statutory procedure or the negotiated procedure. We agree.[4]

██ As noted, Johnson and Parker base their claim to direct judicial review on section 2000e–16(c). Section 2000e–16(c) allows the employee to initiate a civil action in district court "within 30 days of receipt of notice of *final action taken by a department, agency, or unit* referred to in ... this section or by the [EEOC] upon appeal." 42 U.S.C. § 2000e–16(c). But section 2000e–16(c) does not define "final action." Because the statute is silent, Johnson and Parker rely on the EEOC regulation to assert that the arbitrator's decision constitutes final action and therefore is directly reviewable in district court.

Analysis of the EEOC regulation, 29 C.F.R. § 1613.231(b), reveals the weakness of their argument. It provides:·

> A complainant may appeal *to the Commission* on issues of employment discrimination raised in a negotiated grievance procedure.... A complainant may appeal the decision:
>
> > (1) Of the agency head or designee on the grievance;
> >
> > (2) Of the arbitrator on the grievance; or
> >
> > (3) Of the Federal Labor Relations Authority on exceptions to the arbitrator's award.

29 C.F.R. § 1613.231(b) (emphasis added). Thus, section 1613.231(b) lists the types of decisions the employee may appeal *not* to the district court but to the EEOC. It says nothing about the employee's authority to seek judicial review. Indeed, because section 7121(d) of the CSRA expressly authorizes the employee to appeal the arbitrator's decision to the EEOC, its regulation could hardly provide otherwise. The EEOC regulation, then, does not provide support for direct district court review of the arbitration award.

██ More important, section 2000e–16(c) itself does not support direct district court review. It authorizes a civil action in district court *only* after either (1) appeal to the EEOC or (2) "final action taken by a department, agency, or unit referred to in subsection (a) of this section." 42 U.S.C. § 2000e–16(c).[5] Thus, section 2000e–16(c) does not apply to the arbitrator's decision. Our interpretation of section 2000e–16 is reinforced by the fact that it lays out in part the *statutory* procedure the employee may use to pursue his grievance. In light of section 7121(d)'s mandate that the employee choose between the *negotiated* procedure and the *statutory* procedure, section 2000e–16(c) cannot be used to authorize direct district court review of arbitration (part of the *negotiated* procedure).

██ Nevertheless we must determine how the employee who chooses the negotiated grievance procedure seeks judicial review of the final administrative decision. The answer lies in the integration of section 7121(d) and section 2000e–16(c). Subsection (d) allows the employee to appeal the arbitration decision to the EEOC. Section 2000e–16(c) provides that the employee may bring suit in district court after the EEOC either renders its decision or fails to take action within 180 days. Accordingly, in a pure discrimination case, the employee who chooses the negotiated grievance procedure must first appeal the arbitrator's award to the EEOC before bringing suit in district court.

Additional factors support our interpretation. First, in *AFGE*, at 336, we held that an employee with a *mixed* case cannot seek judicial review of an arbitration award without first appealing to the MSPB. To reach that result, we relied on the same language of section 7121(d) that we consider here. *Id.* at 335. The language allows, but does not require, the employee with a mixed claim to appeal the arbitrator's decision to the MSPB.

---

**4.** Under the CSRA, the employee can submit exceptions to an arbitrator's award to the Federal Labor Relations Authority instead of appealing to the EEOC. 5 U.S.C. § 7122(a). He may then appeal the Authority's decision to the EEOC. 29 C.F.R. § 1613.231(b). Nothing in this opinion forecloses that option.

**5.** The "units" referred to in subsection (a) are units of the judicial and legislative branches, the Library of Congress and the District of Columbia government "having positions in the competitive service." 42 U.S.C. § 2000e–16(a). An arbitrator does not come within the definition.

5 U.S.C. § 7121(d). We concluded that section 7121(d)'s preservation of the mixed claim employee's right to appeal to the MSPB created the bridge by which the employee following the negotiated procedure could revert to the statutory path and seek judicial review. *AFGE,* at 335. The employee with a mixed claim has the same type of discrimination claim as the employee with a pure claim; the only difference is that the former combines that claim with a job action claim covered under different sections of the CSRA. Accordingly, there is no reason that the language of section 7121(d) should not have the same effect on a pure claim.

Second, we have consistently read the CSRA narrowly, refusing to imply remedies that cannot be found in the language of the statute. Personnel management is "peculiarly within the ken and concern of Congress." *Harrison v. Bowen,* 815 F.2d 1505, 1515 (D.C.Cir.1987). Thus, "reading between the lines [of the CSRA] to interpolate remedies Congress did not provide can only lead the Court into error." *Id.* Accordingly, we decline to create a method by which the employee can short-circuit the administrative process without the explicit authorization of Congress.

In summary, section 7121(d) requires a federal employee with a pure discrimination complaint to choose between the statutory and the negotiated grievance procedures. The employee who chooses the negotiated procedure may appeal the arbitrator's decision to the EEOC. Only after the EEOC has rendered a decision or failed to do so within 180 days may the employee use section 2000e–16(c) and initiate suit in district court. After the arbitrator ruled against them, Johnson and Parker attempted to bring suit in district court without first appealing to the EEOC. They failed to exhaust their administrative remedies and, as a consequence, their lawsuit was properly dismissed by the district court. Accordingly, the judgment of the district court is

*Affirmed.*