**Donnell LINTHECOME, Plaintiff,**

v.

**Paul H. O'NEILL, Secretary, Department of Treasury, Defendant.**

**No. CIV. 3:00–CV–1172–P.**

United States District Court, N.D. Texas, Dallas Division.

Nov. 13, 2001.

---

Sandra Fordjour, Osei & Fordjour, Arlington, TX, for Plaintiff.

T.J. Johnson, U.S. Attorney's Office, Department of Justice, Dallas, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

SOLIS, District Judge.

This is an employment discrimination suit filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff, Donnell Linthecome, is an employee of the Internal Revenue Service of the United States Department of Treasury ("Treasury" or "agency"). Linthecome alleges that his employer discriminated against him on the basis of his race, sex, and age when it failed to promote him. Presently before the court is the government's motion to dismiss filed on June 1, 2001. Plaintiff filed a response on June 25, 2001, and the government filed its reply on July 6, 2001. The government moves to dismiss asserting that plaintiff's claims are barred from consideration by this court because of plaintiff's failure to exhaust administrative remedies.

Following his non-selection for promotion, plaintiff filed a formal grievance pursuant to the collective bargaining agreement ("CBA") between the IRS and the union. Plaintiff's non-selection for the position sought occurred on or about June 7, 1996. Plaintiff filed his formal grievance pursuant to the CBA on June 14, 1996. In his formal grievance, plaintiff complained about his non-promotion and sought as relief "immediate promotion . . . with retroactive pay increase . . ." On June 21, 1996, plaintiff filed an informal complaint with Treasury's EEO office alleging discrimination on the basis of race, sex, and age concerning his non-promotion. The filing of the informal complaint was followed by a first interview on June 27, 1996. At the interview, an EEO counselor

explained that plaintiff had a choice to proceed with his discrimination complaint through the filing of a formal grievance pursuant to the CBA or through the EEO procedure, but could not proceed under both the CBA grievance and EEO procedures. The EEO Counselor Checklist, which plaintiff signed, also explained that "[a]n election of the EEO process is indicated only by the filing of a written complaint. An election to proceed under the negotiated grievance process is indicated by the filing of a written grievance." (Def.Ex. 5, para.4). Thereafter, plaintiff continued to pursue his formal grievance. On October 15, 1996, following a step–three meeting, the agency issued a decision adverse to plaintiff. Pursuant to the collective bargaining agreement and Equal Employment Opportunity Commission ("EEOC") regulations, plaintiff's remedy following the October 15, 1996 agency decision was to appeal the adverse decision to an arbitrator and thereafter to the EEOC. However, instead of following this procedure, plaintiff filed a formal EEO complaint with the Department of Treasury on October 24, 1996. Plaintiff's formal complaint alleged discrimination on the basis of race, color, sex and age in regard to his non-selection for promotion. On November 6, 1996, the Department of Treasury Regional Complaints Center notified plaintiff that his complaint was dismissed because plaintiff had made a prior election to proceed under the negotiated grievance procedure in which he raised the same matter as raised in his EEO complaint. Subsequently, plaintiff appealed the agency's decision dismissing his formal EEO complaint to the EEOC. On September 5, 1997, the EEOC issued its decision finding that plaintiff's formal EEO complaint had been properly dismissed because plaintiff had previously elected to pursue his complaint through the negotiated grievance procedure. Plaintiff sought reconsideration from the EEOC which was denied on March 17, 2000. Plaintiff subsequently received his right to sue letter from the EEOC and filed the instant suit.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint when the defendant shows that plaintiff has failed to state a claim for which relief can be granted. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982). Under the rule of *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), a claim should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The court must read the complaint in light most favorable to the plaintiff and accepts its allegations as true. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). The court limits its inquiry to whether plaintiff is entitled to offer evidence in support of his claim and does not address whether plaintiff will ultimately prevail on the merits. *Johnson v. Dallas Ind. School Dist.,* 38 F.3d 198, 199 (5th Cir.1994).

Federal Rule of Civil Procedure 12(b)(1) provides that an action must be dismissed if it appears that the court does not possess subject matter jurisdiction over the plaintiff's claims. A party invoking the court's jurisdiction carries the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). In ruling on a 12(b)(1) motion the court may examine evidence outside the pleadings. *Barrera–Montenegro v. U.S.,* 74 F.3d 657, 659 (5th Cir.1996). Reference by the court to evidence outside the pleadings does not convert the motion to one filed pursuant to Federal Rule of Civil Procedure 56. *Pringle v. U.S.,* 208 F.3d 1220, 1222 (10th Cir.2000).

It is well settled that a federal employee must exhaust his administrative remedies against his federal employer before filing an employment discrimination suit. *Brown v. Gen. Sevcs. Admin.*, 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Fitzgerald v. Sec'y U.S. Dept. of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir.1997); 42 U.S. § 2000e–16(c). Failure of a federal employee to exhaust his administrative remedies prevents a district court from adjudicating the employee's discrimination claims. *Fitzgerald*, 121 F.3d at 206.

> Title 5 U.S.C. § 7121(d) provides:
>
> An aggrieved employee affected by a prohibited personnel practice under section 2302(b)(1) of this title which also falls under the coverage of the negotiated grievance procedure may raise the matter under a statutory procedure or the negotiated procedure, but not both. An employee shall be deemed to have exercised his option under this subsection to raise the matter under either a statutory procedure or the negotiated procedure at such time as the employee timely initiates an action under the applicable statutory procedure or timely files a grievance in writing, in accordance with the provisions of the parties' negotiated procedure, whichever event occurs first.

Thus, when the CBA provides for the resolution of discrimination complaints through the grievance procedure, a federal employee alleging employment discrimination must elect whether to pursue his complaint through the grievance procedure as set forth in the parties' CBA or through the statutory procedure, in this case Title VII. An employee cannot pursue a complaint through both procedures.[1] Section 7121(d)

further provides that an employee's election is made at the time the employee timely initiates an action under the applicable statutory provision or timely files a grievance in writing in accordance with the parties' collective bargaining agreement.

In the case before the court, plaintiff's first action was the filing of a written grievance on June 14, 1996. It is not disputed that plaintiff's written grievance was filed timely and in accordance with the parties' CBA. It is also undisputed that the CBA permitted the filing of employment discrimination complaints. Therefore, plaintiff made an election to seek redress for his complaint through the grievance procedure. 5 U.S.C. § 7121(d). Once made, the election is irrevocable. *Vinieratos v. U.S. Dept. of Air Force*, 939 F.2d 762, 768 (9th Cir.1991); *Johnson v. Peterson*, 996 F.2d 397, 399 (D.C.Cir.1993). Further, upon making an election, plaintiff was required to exhaust his available administrative remedies before seeking judicial relief. *Brown v. Gen. Svcs. Admin.*, 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Hampton v. I.R.S*, 913 F.2d 180, 182 (5th Cir.1990); 42 U.S. § 2000e–16(c). The CBA provides that adverse decisions from the grievance procedure can to be taken to arbitration. To implement the statutory provisions requiring exhaustion, the EEOC promulgated regulation 29 C.F.R § 1613.231, which provides that the agency's decision on the grievance or an arbitrator's decision may be appealed to the EEOC. 29 C.F.R. § 1613.231(b)(1) & (2). Plaintiff invoked the provisions of the CBA and sought to appeal the agency's decision of October 15, 1996 to arbitration. (Plf.Ex. G). However, union officials concluded that arbitration "would not likely produce the ...

---

**1.** Ultimately, the employee is entitled to seek judicial review of his complaint regardless of whether the grievance or statutory procedure is utilized. The election made by the employee at this point is simply the selection of the administrative avenue his complaint will take.

relief sought" and declined to seek arbitration on behalf of plaintiff. (Plf.Ex. H). Following the union's decision not to seek arbitration, plaintiff's next step in the exhaustion process was to appeal the agency's decision to the EEOC. C.F.R. § 1613.231(b)(1). Following an adverse ruling from the EEOC, or if the EEOC failed to rule within 180 days of the filing of the appeal, plaintiff would then be authorized to seek redress in court. 42 U.S.C. § 2000–e(16)(c). Instead of filing an appeal to the EEOC of the agency's decision of October 15, 1996, made during the grievance procedure, plaintiff filed a formal complaint of discrimination with Treasury's EEO office on October 24, 1996, thus attempting to invoke the statutory provisions. *Johnson v. Peterson,* 996 F.2d at 399; 5 U.S.C. § 7121(d); C.F.R. 29 § 1613.219. Plaintiff's formal EEO complaint alleged discrimination on the basis of race, sex, age, and color with respect to plaintiff's non-selection for promotion. EEOC regulation C.F.R. § 1614.301(a) provides in part:

> An aggrieved employee who files a grievance with an agency whose negotiated agreement permits the acceptance of grievances which allege discrimination may not thereafter file a complaint on the same matter under this part 1614 irrespective of whether the agency has informed the individual of the need to elect or of whether the grievance has raised an issue of discrimination. Any such complaint filed after a grievance has been filed on the same matter shall be dismissed.

Relying on this provision, Treasury dismissed plaintiff's formal EEO complaint on November 6, 1996 finding that plaintiff had raised the same matter in a prior filed negotiated grievance procedure. Plaintiff subsequently appealed Treasury's dismissal of his EEO complaint to the EEOC. The EEOC upheld the dismissal citing C.F.R. § 1614.301. Plaintiff then requested reconsideration from the EEOC, which was denied on March 17, 2000.

It is important to note that plaintiff's appeal to the EEOC of Treasury's dismissal of his formal EEO complaint was not an appeal of the agency's decision of October 15, 1996 made during the grievance procedure. Because plaintiff never appealed the agency's decision made during the negotiated grievance procedure, the EEOC has never considered the merits of Treasury's decision of October 15, 1996. Thus, plaintiff failed to exhaust his administrative remedies. Plaintiff cannot claim exhaustion of the grievance procedure by changing the method of pursuing his complaint. Plaintiff's filing of a formal EEO complaint on October 24, 1996 was an attempt to invoke the statutory provisions for redress of his complaint rather than exhausting the grievance procedure he had previously elected to pursue. Section 7121(d) provides a clear directive that an employee must elect which procedure he wishes to pursue, and that the employee cannot pursue both the grievance and the statutory procedures. Moreover, once an election is made, the decision is irrevocable.[2] *Vinieratos v. U.S. Dept. of Air Force,* 939 F.2d 762, 768 (9th Cir.1991); *Johnson v. Peterson,* 996 F.2d 397, 399 (D.C.Cir.1993). Thus, a federal employee cannot elect one method of pursuing a discrimination complaint and subsequently pursue the other method. Hence, plaintiff's belated attempt in October 1996 to invoke the statutory procedures was inef-

---

**2.** Although there is no Fifth Circuit authority on this point, a contrary rule would undermine the clear mandate of section 7121(d) that an employee must elect between the statutory and grievance procedures, and cannot pursue both.

fective in exhausting plaintiff's previously elected grievance procedure.

Plaintiff asserts that his filing of a written grievance in June 1996 should not be considered an election pursuant to section 7121(d) because he did not raise the issue of discrimination in his grievance. Plaintiff maintains he did not learn of the alleged discrimination until October 1996, at which time he filed his formal EEO complaint. The evidence does not support plaintiff's assertion. In his informal EEO complaint to Treasury, plaintiff alleged discrimination with respect to his non-selection on the basis of age, race, and sex. (Def.Ex. 2). Plaintiff filed his informal complaint with an EEO counselor on or about June 21, 1996.[3] In response to Question 13 on the informal complaint, Plaintiff alleged that he had not been ranked fairly, and thus not promoted, because of discrimination. Plaintiff's argument that his filing of a written grievance should not be deemed an election pursuant to section 7121 because he had no knowledge of discrimination until October 1996 is without merit. Because plaintiff failed to exhaust his administrative procedures, his present suit is barred from consideration by this court and must be dismissed. *Brown v. Gen. Svcs. Admin.*, 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Fitzgerald v. Sec'y U.S. Dept. of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir.1997); 42 U.S. § 2000e–16(c). Accordingly, the government's motion to dismiss is granted.

---

**3.** The informal complaint form asked whether plaintiff had filed a grievance under a negotiated procedure on the same matter. Plaintiff stated he had not, notwithstanding that plaintiff filed a written grievance on June 7, 1996. Plaintiff also answered "N/A" to the question on the form inquiring about the status of any filed grievance.