Margaret WILKINS, Plaintiff,

v.

William M. DALEY, Secretary, U.S. Department of Commerce, et al., Defendants.

Civil Action No. 98–1200 (JR).

United States District Court, District of Columbia.

March 3, 1999.

Margaret Wilkins, Landover, MD, pro se.

Wyneva Johnson, Assistant U.S. Attorney, Washington, DC, for defendants.

## MEMORANDUM

ROBERTSON, District Judge.

Defendants have moved to dismiss plaintiff's complaint under Fed.R.Civ.P. 12(b)(1) asserting that the Court lacks subject matter jurisdiction. Plaintiff sues under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973. Because only the "head of the department" may be sued in a Title VII or Rehabilitation Act suit against the government, 42 U.S.C. § 2000e–16(c); 29 U.S.C. § 794a(a)(1), the claims against all defendants except Secretary Daley must be dismissed. The claims against Secretary Dale must also be dismissed because plaintiff's resort to her administrative remedy was untimely.

## FACTS

Plaintiff, who appears *pro se,* is employed as a Legal Instruments Examiner at the Patent and Trademark Office, part

of the Department of Commerce. She asserts that her myofascial syndrome and cervical strain are physical handicaps and that the agency has failed to provide her with reasonable accommodation. She first contacted an EEO counselor on December 18, 1996, alleging that management had engaged in the following specific acts of discrimination: failing to provide reasonable accommodation; failing to provide information concerning reasonable accommodation; failing to provide assistance in obtaining reasonable accommodation; failing to complete and sign related reasonable accommodation forms; failing to offer "light duty" to accommodate plaintiff's medical condition; rejecting medical information from her physician; failing to respond to her medical documentation in a timely manner; and forcing her to take leave without pay.

It is undisputed that, on February 11, 1997, plaintiff was issued, and acknowledged receipt of, a "Notice of Right to File A Discrimination Complaint Within 15 Calendar Days," pursuant to the regulations of the Equal Employment Opportunity Commission at 29 C.F.R. § 1614.105(d). More than fifteen days later, on March 3, 1997, plaintiff filed an employment discrimination complaint with the agency's Office of Civil Rights (Def.Ex.2). In a Final Agency Ruling on April 1, 1997, the agency dismissed the complaint as untimely on the grounds that plaintiff's complaint was filed five days beyond the fifteen-day limit set by the EEOC's regulations. (Def.Ex.3). Plaintiff filed a timely appeal of the Final Agency Decision, but on February 19, 1998, the EEOC affirmed the Agency's final decision. The EEOC found that plaintiff failed to "submit adequate justification, pursuant to 29 C.F.R. 1614.604(c), for extending the filing period beyond the fifteen days." (Def.Ex.4).

Plaintiff sued the Secretary of Commerce, naming several other defendants in their official capacities, on May 13, 1998. Defendants moved to dismiss or in the alternative for summary judgment on July 27, 1998. Plaintiff then filed a response on August 5, 1998. Defendants filed a reply, to which plaintiff filed an "Answer to Defendants' Motion to Dismiss, Or in the Alternative for Summary Judgment," on August 31, 1998.[1]

## ANALYSIS

■ An EEOC complainant must file a formal complaint within fifteen days of receiving notice of her right to do so. 29 C.F.R. § 1614.106(b). Failure to do so constitutes a failure to exhaust administrative remedies and is grounds for dismissal. *Singleton v. Harbin*, 1996 U.S.Dist. LEXIS 4865. The fifteen-day, filing requirement is subject to equitable tolling, *Saltz v. Lehman*, 672 F.2d 207, 208–09 (D.C.Cir. 1982), but, in order to invoke equitable tolling, a complainant must establish that she acted diligently to preserve her claim. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

■ The record offers no evidence that plaintiff acted diligently to preserve her claim. The sign-in/sign-out log at plaintiff's office indicates that she was at work for every business day of the fifteen-day period except the last. (Declaration of Harvey Philips at 1.) Employment records indicate that plaintiff requested no sick leave during the fifteen-day period. *Id.* Plaintiff's supervisor "do[es] not recall Ms. Wilkins complaining of painful medical treatments or transportation problems during that period." *Id.* Because the record offers no evidence of a legitimate reason why plaintiff did not file on time, or evidence that plaintiff acted diligently to preserve her claim, she may not invoke

---

1. Having filed a timely response to defendants' motion and an extra "answer" to defendants' reply, plaintiff did not need to be warned that "the failure to respond ... may result in the district court granting the motion and dismissing the case." *Fox v. Strickland*, 837 F.2d 507, 509 (D.C.Cir.1988).

equitable tolling. The suit against Secretary Daley must accordingly be dismissed.

█ In a suit against the federal government under either Title VII or the Rehabilitation Act, only the "head of the department" may be sued, 42 U.S.C. § 2000e–16(c); 29 U.S.C. § 794a(a)(1). The claims against all other defendants will be dismissed for failure to name a proper party defendant.

An appropriate order accompanies this memorandum.

### ORDER

Upon consideration of defendants' motion to dismiss, or in the alternative for summary judgment, it is this 3d day of March 1999

**ORDERED** that the motion to dismiss [# 16] is **granted.**