**Randolph S. KOCH, Plaintiff,**

v.

**William H. DONALDSON, in his capacity as Chairman, U.S. Securities and Exchange Commission,[1] Defendant.**

**No. CIV.A.00–2097 (PLF).**

United States District Court, District of Columbia.

April 25, 2003.

---

1. President George W. Bush appointed William H. Donaldson Chairman of the United States Securities and Exchange Commission on February 18, 2003. He is hereby substituted as the named defendant, as this action is

brought against the Chairman in his official capacity. *See* Fed. R. Civ. P 25(d).

---

Randolph S. Koch, Bethesda, MD, for Plaintiff.

David J. Ball, Jr., Assistant United States Attorney, Washington, DC, for Defendant.

## MEMORANDUM OPINION

PAUL L. FRIEDMAN, District Judge.

Defendant in this action has filed a motion to dismiss or, in the alternative, for summary judgment, contending that the case should be dismissed because plaintiff has failed to exhaust his administrative remedies at two different junctures in the complaint process.[2] Plaintiff counters that his failure to file a timely EEO complaint should be excused under the doctrine of equitable tolling and that the SEC's failure to inform him of his right to appeal excuses his failure to file a timely appeal. Plaintiff has filed a Rule 56(f) motion for a continuance to complete discovery on issues relating to the filing of his administrative complaint. Upon consideration of the arguments of the parties, the Court grants defendant's motion for summary judgment, and denies plaintiff's motion for a continuance in order to conduct discovery.

## I. BACKGROUND

Plaintiff Randolph S. Koch, originally filed his complaint *pro se,* subsequently retained counsel, but now is proceeding again *pro se.* Mr. Koch is employed by the United States Securities and Exchange Commission in the Office of Disclosure and Review in the SEC's Division of Investment Management in Washington, D.C. *See* Complaint ¶¶ 4, 8. Defendant asserts that although Mr. Koch is an attorney, he has worked as a financial analyst and not as an attorney for the last ten years. *See* Memorandum of Points and Authorities in Support of Motion to Dismiss or, in the Alternative, Motion for Summary Judgment ("Def.'s Mot") at 1 n. 1. In May 1998, Mr. Koch sought EEO counseling, claiming that the SEC discriminated against him based on age, sex, race and disability. *See* Def.'s Mot., Ex. 9, EEO Counselor's Report at 1–2. He also contends that the SEC retaliated against him for engaging in protected activity when he received a lower than deserved annual performance evaluation, when he was harassed and taunted by his supervisor, when his workload increased, and when the SEC ignored his

---

**2.** Because the Court will consider materials outside the pleadings to resolve the motion, defendant's motion will be treated as a motion for summary judgment. *See* FED. R. CIV. P. 12(b).

request for accommodation. *See* Complaint ¶¶ 8–13. Plaintiff filed this action on August 31, 2000. After the Court issued on order to show cause why the complaint should not be dismissed for failure to serve the SEC, plaintiff served defendant on February 13, 2001.

It is undisputed that on October 2, 1998, plaintiff received a Notice of Final Interview from his EEO counselor. *See* Def.'s Mot., Ex. 3, October 2, 1998, Notice of Final Interview and Right to File EEO Complaint ("Notice of Final Interview"). On October 20, 1998 plaintiff faxed and mailed an administrative complaint to the SEC's EEO Office. *See* Def.'s Mot, Ex. 4, October 20, 1998, Fax from Randolph S. Koch to Deborah Balducchi, Director of Office of Equal Employment Opportunity, SEC with Attached Amendment to Complaint of Discrimination ("Administrative Complaint"). On October 26, 1998, the SEC's EEO Office issued its final agency decision dismissing plaintiff's complaint as untimely on the ground that the 15–day period for filing a formal complaint had expired prior to Mr. Koch's October 20, 1998 fax. *See* Def.'s Mot, Ex. 10, October 26, 1998, Letter from Deborah K. Balducchi to Randolph S. Koch ("Final Agency Decision").

On December 1, 1998, plaintiff filed an administrative Notice of Appeal. *See* Def.'s Mot., Ex. 5, November 30, 1998, Letter from Randolph S. Koch to the Office of Federal Operations, EEOC ("Notice of Appeal"). On October 28, 1999, the EEOC dismissed Mr. Koch's appeal because it was not timely filed. *See* Def.'s Mot., Ex. 7, October 28, 1999, Dismissal of Appeal. The EEOC explained that the failure of the SEC to attach a notice of appeal right to the Final Agency Decision did not excuse plaintiff's failure to exhaust because plaintiff had constructive notice of his right to an appeal. *See id.* at 1. The

agency also concluded that plaintiff did not present evidence sufficient to warrant equitable tolling. *See id.* at 1–2.

## II. DISCUSSION

### A. *Failure to File Timely Administrative Complaint*

■ Prior to instituting suit under Title VII, an employee alleging discrimination in federal employment must proceed before the agency charged with discrimination. *See* 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614, *et seq.* The first step in the process is for the federal employee to contact an Equal Employment Opportunity Counselor at his or her employing agency within 45 calendar days after the date of the alleged discriminatory event. *See* 29 C.F.R. § 1614.105(a)(1). The EEO Counselor has a short period of time within which to informally resolve the matter or, if the matter is not resolved, to conduct a final interview with the employee. *See* 29 C.F.R. § 1614.105(d). The EEO Counselor also must inform the employee in writing of his or her right to file a discrimination complaint with the agency's EEO Office. *See id.*

■ An employee must file the EEO complaint within 15 days after receiving notice of his or her right to do so. *See* 29 C.F.R. § 1614.106(b). The failure to file a timely complaint within the 15–day period constitutes a failure to exhaust administrative remedies and is grounds for dismissal of the case by the agency, subject to equitable tolling. *See Wilkins v. Daley*, 49 F.Supp.2d 1, 2 (D.D.C.1999) (citing *Saltz v. Lehman*, 672 F.2d 207, 208–09 (D.C.Cir. 1982)); 29 C.F.R. 1614.604(c) ("the time limits in this part are subject to waiver, estoppel and equitable tolling"). If the employee files a formal administrative complaint and is not satisfied with the

agency's resolution of that complaint, he or she may either appeal to the Equal Employment Opportunity Commission or file a civil action in federal court. *See Johnson v. Peterson,* 996 F.2d 397, 399 (D.C.Cir.1993). Again, there is a specified time period within which the employee must take these steps. *See* 29 C.F.R. § 1614.110.

■ The Court's power to equitably toll these filing periods may be exercised "only in extraordinary and carefully circumscribed instances." *Mondy v. Sec'y of the Army,* 845 F.2d 1051, 1057 (D.C.Cir. 1988); *see also Smith–Haynie v. District of Columbia,* 155 F.3d 575, 580 (D.C.Cir. 1998). In order to gain the benefit of equitable tolling, the plaintiff "bears the burden of pleading and proving facts supporting equitable avoidance of the defense." *Bowden v. United States,* 106 F.3d 433, 437 (D.C.Cir.1997) (citing *Bayer v. United States Dep't of the Treasury,* 956 F.2d 330, 333 (D.C.Cir.1992) and *Jarrell v. United States Postal Service,* 753 F.2d 1088, 1091–92 (D.C.Cir.1985)). In addition, a plaintiff must establish that he· or she "acted diligently to preserve [the] claim." *Wilkins v. Daley,* 49 F.Supp.2d at 2.

Mr. Koch does not dispute the fact that the 15–day period within which he was required to file his administrative complaint expired on October 19, 1998 and that he did not file the complaint until October 20, 1998.[3] Nor does plaintiff deny that he was aware of the 15–day filing requirement and that he knew that his administrative complaint was due on October 19, 1998. Instead, plaintiff asserts that the time period should be equitably tolled because he acted diligently in attempting to file his administrative complaint on Octo-

ber 19, 1998, but was unable to do so as a result of the malfunction of the fax machine at the SEC's EEO Office. *See* Plaintiff's Memorandum in Support of Plaintiff's Opposition to Motion to Dismiss or, in the Alternative, Plaintiff's Rule 56(f) Motion for Continuance to Complete Discover ("Pl.'s Opp.") at 6. Specifically, Mr. Koch avers that on the evening of October 19, 1998 beginning at 10:51 p.m., he attempted to fax his administrative complaint to the SEC's EEO Office from his home fax machine. *See* Plaintiff's Statement of Material Facts as to Which He Contends There Exists Genuine Issues to be Litigated ¶ 21. Mr. Koch received no response from the EEO Office's fax machine and tried an additional five times to fax his complaint without success, the last attempt occurring at 11:05 p.m. *See id.* The next day, October 20, 1998, plaintiff mailed the complaint and ultimately successfully faxed it at 11:47 p.m. to the EEO Office. *See id.* ¶ 22. The SEC's EEO Office treated the complaint as having been filed on October 21, 1998. *See* Def.'s Mot. at 2.

Upon careful consideration of the filings of the parties, and particularly of the undisputed facts proffered by plaintiff with respect to his five attempts to fax the complaint within the applicable time period, the Court finds that the 15–day period is equitably tolled from the time Mr. Koch attempted to fax his complaint to the EEO Office on October 19, 1998 until the next reasonable opportunity he had to file his complaint, the next day. *See Baker v. Henderson,* 150 F.Supp.2d 17, 21–22 (D.D.C.2001) (time period equitably tolled where plaintiff in exercising due diligence acted "swiftly" to file complaint as soon as she discovered error on the part of the

---

**3.** The actual 15 day-period concluded on October 17, 1998, a Saturday. As a result, the time period was extended to the next business day, Monday, October 19, 1998, under the relevant regulations. *See* 29 C.F.R. § 1614.604(d).

clerk's office). Mr. Koch's mailing of the complaint on October 20, 1998 fell within this tolled period, and thus his claims should not be dismissed on the basis of untimely filing of his administrative complaint. *See* 29 C.F.R. § 1614.604(b) ("a document shall be deemed timely if it is received or postmarked before the expiration of the applicable filing period"). Although plaintiff waited until the last hours of the 15–day period as extended by the weekend, his numerous attempts to fax the complaint within the time period and his subsequent mailing and faxing of the complaint the next day are sufficient to demonstrate his diligence.

Defendant's reliance on *Wilkins v. Daley* in support of its argument is misplaced. *See* Def.'s Mot. at 9. In *Wilkins,* plaintiff filed her complaint five days after the close of the 15–day period. *See Wilkins v. Daley,* 49 F.Supp.2d at 1. The court first found that during the relevant time period the plaintiff worked every business day of the 15–day period, did not complain to her supervisor of any health-related problems, did not request sick leave and still failed to file her complaint in a timely manner. *See id.* at 2. The court then concluded that plaintiff had failed to provide any "legitimate reason why plaintiff did not file on time, or evidence that plaintiff acted diligently to preserve her claim." *See id.* By contrast, Mr. Koch has provided a legitimate reason for his failure to file his complaint within the 15–day period, the mechanical failure of the SEC EEO Office's fax machine, and he has demonstrated his diligence in mailing the complaint at the next opportunity he had.

■ The circumstances presented by this case are more analogous to those in *Janczewski v. Secretary, Smithsonian Institution,* 767 F.Supp. 1 (D.D.C.1991), than to those in *Wilkins v. Daley.* In *Janczewski,* the court applied equitable principles to toll the filing period where plaintiff filed a complaint in court one minute after the close of the period as a result of the temporary absence of a security guard at the entry to the courthouse. *See Janczewski v. Secretary, Smithsonian Institution,* 767 F.Supp. at 5–6. Like the plaintiff in *Janczewski,* Mr. Koch was unable to file his administrative complaint within the statutory time period because of the presence of technical filing problems beyond his control. *See also Baker v. Henderson,* 150 F.Supp.2d at 22 (time period tolled where clerk of court's failure to notify plaintiff of status of *in forma pauperis* application caused plaintiff's delay in filing complaint). The Court thus concludes that Mr. Koch has carried his burden of pleading and proving facts "supporting equitable avoidance of the defense" of failure to exhaust in filing his administrative complaint one day late. *See Bowden v. United States,* 106 F.3d at 437.[4] In light of this conclusion, there is no reason to grant Mr. Koch's request for a continuance in order to permit him to conduct discovery under Rule 56(f) of the Federal Rules of Civil Procedure concerning the events sur-

---

4. The Court rejects plaintiff's claim that his sleep apnea made it difficult for him to file within specified time periods and that his failure to file a timely complaint should be excused for that reason. *See* Pl.'s Opp. at 4–5, 13–17. The undisputed evidence shows that Mr. Koch was able to attend work during the time period relevant to this motion, and it is unreasonable to infer that a person well enough to work full-time cannot fill out and file the simple forms necessary to preserve his EEO claims. Furthermore, although plaintiff contends that he has sleep apnea causing excessive day-time sleepiness, he has admitted that "he cannot prove his incapacity, or even an inability to work." Dismissal of Appeal at 2. Mr. Koch's contention that he suffers from sleep apnea does not excuse his failure to exhaust his administrative remedies.

rounding the filing of his administrative complaint.

### B. *Failure to File Timely Notice of Appeal to EEOC*

■ Defendant also argues that plaintiff's failure to file a notice of appeal of the final agency decision with the EEOC within the prescribed 30–day filing period constitutes an alternative ground on which to dismiss plaintiff's claims for failure to exhaust administrative remedies. Section 1614.402 of the Code of Federal Regulations requires that appeals of final agency decisions must be appealed to the EEOC "within 30 days of receipt of dismissal, final action or decision." 29 C.F.R. § 1614.402(a). Mr. Koch does not dispute that he failed to file a timely notice of appeal after the SEC's EEO Office dismissed his administrative complaint. *See* Pl.'s Opp. at 8 n. 8.[5] Plaintiff contends instead that because he was not given proper notice under 29 C.F.R. § 1614.110(b) of his right to appeal the dismissal of his EEO complaint, his failure to file a timely administrative appeal must be excused. *See* Pl.'s Opp. at 12–13.[6]

The Court rejects plaintiff's argument and concludes that plaintiff failed to exhaust when he did not file a timely appeal.[7] Although the EEO Office did not provide a notice of Mr. Koch's appeal rights to him

with the Final Agency Decision, the Court concludes that Mr. Koch had constructive notice of the 30–day time period. According to EEOC records, plaintiff had already filed eleven prior appeals and five requests for reconsideration at the time he failed to file a timely appeal in this case, which tends to show that he was well aware of the 30–day filing requirement. *See* Def.'s Mot., Ex. 7, Dismissal of Appeal at 1–2. Indeed, Mr. Koch admitted that he possessed and submitted the proper appeal form with his appeal. *See* Def.'s Mot., Ex. 5, Appeal of Amended Complaint at 1. Furthermore, in a memorandum received by Mr. Koch from his EEO counselor on July 20, 1998, he was notified, *inter alia*, that should he choose to appeal the final agency decision to the EEOC, he must file the appeal on an EEOC Form 573, which was available at the SEC EEO Office, and that he "must file an appeal to the EEOC within 30 days of [...] receipt of the final agency decision or the agency's dismissal of [the] complaint." Def.'s Mot., Ex. 2, Memorandum from Lisa Rosenthal, EEO Counselor, to Randolph Koch ("EEO Memorandum") at 9–10.

On the record before the Court, it is clear that Mr. Koch had notice of the 30–day deadline for filing an appeal. The fact that the EEO Office did not include a notice of appeal rights with the final agency decision does not excuse plaintiff's fail-

---

**5.** There is some discrepancy in the parties' positions with regard to the actual filing date of the notice of appeal. Plaintiff asserts that he filed the administrative appeal on November 30, 1998, while defendant asserts that Mr. Koch did not file the appeal until December 1, 1998. This discrepancy does not affect the Court's analysis, however, because even if Mr. Koch filed the appeal on November 30 as he asserts, the appeal was untimely. Mr. Koch received the Final Agency Decision on October 28, 1998. The 30–day time period thus ran on Friday, November 27, 1998.

**6.** Section 1614.110(b) states that "[t]he final action shall contain notice of the right to appeal the final action to the Equal Employment Opportunity Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for appeals and lawsuits. A copy of EEOC Form 573 shall be attached to the final action." 29 C.F.R. § 1614.110(b).

**7.** The Court also rejects Mr. Koch's claim that his sleep apnea should excuse his failure to file a timely notice of appeal. *See* note 4, *supra*.

ure to file a timely appeal. *See, e.g. Bowden v. United States,* 106 F.3d at 438 (agency's failure to give notice of 30–day time period in which to file complaint in federal court "does not excuse the untimeliness of a complaint, unless the absence of notice misled the complainant about the time limit's operation"). The Court therefore concludes that plaintiff's failure to file a timely notice of appeal of the SEC's administrative decision constituted a failure to exhaust his administrative remedies, and it therefore grants defendant's motion for summary judgment.[8]

A separate order and judgment consistent with this memorandum opinion will issue this same day.

SO ORDERED.

*FINAL ORDER AND JUDGMENT*

Upon consideration of the arguments of the parties and the entire record herein, and for the reasons stated in the Memorandum Opinion issued this same day, it is hereby

ORDERED that Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgement [9–1, 9–2] is GRANTED; it is

FURTHER ORDERED that plaintiff's motion for additional discovery under Rule 56(f) of the Federal Rules of Civil Procedure [20–1] is DENIED; it is

FURTHER ORDERED that JUDGMENT is entered for defendant; it is

FURTHER ORDERED that this case is DISMISSED from the docket of this Court; and it is

FURTHER ORDERED that this Order and Judgment shall constitute a FINAL

JUDGMENT in this case. This is a final appealable order. *See* FED. R. APP. P. 4(a).

SO ORDERED.

---

8. The Court denies plaintiff's Rule 56(f) motion for a continuance to conduct discovery concerning the circumstances surrounding the filing of the administrative appeal, because under either date asserted by the parties as the filing date, the Court's analysis remains the same.