Donnett G. JENKINS, Plaintiff,

v.

John E. POTTER, Postmaster General and Chief Executive Officer of the United States Postal Service, and the United States Postal Service, Defendants.

No. 01 CIV. 11222(CM).

United States District Court, S.D. New York.

July 2, 2003.

Ralph A. Somma, Somma Zabell & associates LLP, Farmingdate, NY, for Plaintiff.

Megan L. Brackney, United States Attorney, S.D.N.Y., New York City, for Defendants.

MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MCMAHON, District Judge.

Plaintiff Donnett Jenkins brings this action under Title VII of the Civil Rights Act

of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000(e) *et seq.*, the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended, 29 U.S.C. § 12101 *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* and the New York State Human Rights Law ("NYHRL"), N.Y. Exec. Law § 296 *et seq.*, alleging that the Postal Service terminated her employment due to discrimination based on her race, color, national origin, gender, and disability, and in retaliation for filing prior complaints with the Equal Employment Opportunity Commission ("EEOC").

Defendants moved for summary judgment on the grounds that (1) plaintiff failed to timely exhaust her administrative remedies and (2) there are no circumstances in this case which warrant equitable tolling of the time requirements. Plaintiff voluntarily withdrew her claims under the ADA and the NYHRL. [Plaintiff's Opposition at 2 n. 2]. For the following reasons, defendants' motion is granted on plaintiff's claims under Title VII and the Rehabilitation Act.

### FACTS

The following are the facts—undisputed unless otherwise noted—relevant to defendants' summary judgment motion.

On April 1, 1994, Jenkins was fired from her employment at the Postal Service, effective May 6, 1994. Defendants claim the removal was for "Conduct Unbecoming a Postal Employee: Using Abusive Language to a Supervisor and Failure to Meet the Attendance Requirements of Your Position." [Defendants' 56.1 Statement ¶ 1]. Plaintiff contends that her removal was based on discrimination, not on her conduct. [Plaintiff's 56.1 Statement ¶ 1]. The removal did not take effect on May 6, 1994 because the parties opted to work out a resolution through the contractual grievance procedure. [Defendants' 56.1 State-

ment ¶ 2; Plaintiff's 56.1 Statement ¶ 2]. Defendants claim that on July 25, 1994, Jenkins was notified that her removal would be effective as of July 28, 1994. [Defendants' 56.1 Statement ¶ 3]. Plaintiff denies this notification. [Plaintiff's 56.1 Statement ¶ 3]. On July 26, 1994, plaintiff requested an appointment with an EEOC counselor, claiming that her removal was due to discrimination based on her race, sex, physical disability, and retaliation for prior EEO activity. [Defendants' 56.1 Statement ¶ ¶ 4, 6; Plaintiff's 56.1 Statement ¶ ¶ 4–7].

On August 15, 1994, Jenkins submitted Information for Precomplaint Counseling, again alleging that her removal was due to discrimination on the basis of the above listed factors. [Defendants' 56.1 Statement ¶ ¶ 5,7; Plaintiff's 56.1 Statement ¶ 4–7]. On October 31, 1994, Jenkins submitted an EEO Complaint of Discrimination to the Postal Service, alleging improper removal on the basis of race, national origin, sex, and retaliation for previous EEO activity, and that Garris harassed her by causing her not to be paid for two days of sick leave on June 17, 1994. [Defendants' 56.1 Statement ¶ 9; Plaintiff's 56.1 Statement ¶ 9]. On November 1, 1994, Jenkins submitted an EEO Complaint of Discrimination to the Postal Service alleging that Bell discriminated against her on the basis of race, sex, and in retaliation for prior EEO activity because he did not approve sick leave on July 14, 1994 and he did not conduct an "exit conference" with her on July 28, 1994. [Defendants' 56.1 Statement ¶ 10; Plaintiff's 56.1 Statement ¶ 10].

On August 1, 1997, the Administrative Law Judge ("ALJ") issued Findings and Conclusions on both the October 31 and November 1, 1994 complaints. The ALJ found plaintiff had submitted sufficient evidence to show that the majority of ab-

sences cited in her Notice of Removal were due to her disability, and that the Postal Service had a duty to excuse these absences as a form of reasonable accommodation. The ALJ further found the Postal Service failed to present any evidence establishing that excusing these absences would constitute an undue hardship. [Plaintiff's 56.1 Statement ¶ 10].

On September 19, 1997, the Postal Service issued a Final Agency Decision, adopting in part and rejecting in part the ALJ's decision. [Defendants' 56.1 Statement ¶ 11; Plaintiff's 56.1 Statement ¶ 11]. Specifically, the Postal Service rejected the ALJ findings listed above. [Plaintiff's 56.1 Statement ¶ 11]. The Final Agency Decision informed plaintiff that her complaints had been closed with a finding of no discrimination. The Decision also advised Jenkins of her right to appeal the decision within 30 days or file a civil action within 90 days. [Defendants' 56.1 Statement ¶ 11; Plaintiff's 56.1 Statement ¶ 11].

On October 17, 1997, plaintiff's union representative, Leo Brown, filed a Notice of Appeal/petition to the EEOC Office of Federal Operations ("OFO"). This appeal was filed within the required 30-day time period. [Defendants' 56.1 Statement ¶ 12; Plaintiff's 56.1 Statement ¶ 12]. On March 28, 2000, the OFO vacated and remanded the Postal Service's September 19, 1997 Final Agency Decision for hearings, which were held on June 6, 8, and 15, 2000. [Defendants' 56.1 Statement ¶ 13–14; Plaintiff's 56.1 Statement ¶ 13–14].

On September 21, 2000, the ALJ entered a decision finding no discrimination with regard to the sick leave and "exit conference" claims [Defendants' 56.1 Statement ¶ 15(a)-(b); Plaintiff's 56.1 Statement ¶ 15(a)-(b) ]. The ALJ also held that plaintiff "failed to proffer persuasive

evidence that the Agency was motivated by discriminatory animus when it charged her with using abusive language to a supervisor." [September 21, 2000 ALJ Decision, Brackney Decl. Ex. P at 10]. However, the ALJ did find that Jenkins was "disabled" and the Postal Service should have reasonably accommodated her absences. [Defendants' 56.1 Statement ¶ 15(d); Plaintiff's 56.1 Statement ¶ 15(d) ].[1] For this reason, the ALJ found that plaintiff was entitled to:

(1) Reimbursement for all wages lost and/or leave used (not otherwise compensated) as a result of the Agency's failure to provide reasonable accommodation during the relevant period up to the effective date of Complainant's removal.

(2) Training for all managers and supervisors in the Westchester Customer Service District regarding their responsibilities and obligations under the Rehabilitation Act.

(3) Notice to all employees in the Westchester Customer Service District of their right to be free of disability discrimination and to be assured that discrimination will not recur.

[September 21, 2000 ALJ Decision, Brackney Decl. Ex. P at 16].

On November 8, 2000, the Postal Service issued a Notice of Final Action, acknowledging that the ALJ found in favor of Jenkins on her disability discrimination claim, but not on any of the other discrimination claims. [November 8, 2000 Notice of Final Action, Brackney Decl. Ex. Q at 1]. The Notice informed plaintiff that the Postal Service had "decided to implement the decision of the [ALJ]," and notified plaintiff that she had the right to appeal to the OFO within 30 days of receiving the

---

1. Plaintiff was diagnosed with bilateral carpel tunnel syndrome and ulnar nerve neuropathy.

[Compl., Brackney Decl. Ex. C ¶ 13].

decision or file a civil action within 90 days of receiving the decision. *Id.* at 2. Plaintiff received a copy of this notice on November 14, 2000, [Defendants' 56.1 Statement ¶ 18; Plaintiff's 56.1 Statement ¶ 18], and her representative, Brown, received a copy on November 21, 2000. [Plaintiff's 56.1 Statement ¶ 19].

On November 15, 2000, the ALJ issued a Clarification of Relief Ordered ("Clarification"), stating that the September 21, 2000 decision required the Postal Service to:

(1) reimburse complainant for all wages lost and/or leave used (not otherwise compensated) as a result of the Agency's failure to provide reasonable accommodation during the relevant period up to the effective date of her removal; (2) train all managers and supervisors in the Westchester Processing & Distribution Center (P & DC), now located in White Plains, New York and (3) post a Notice to employees in the Westchester P & DC of their right to be free of disability discrimination and to be assured that the discrimination will not recur.

[November 15, 2000 Clarification of Relief Ordered, Brackney Decl. Ex. S]. Plaintiff and Brown received the Clarification on November 27, 2000. [Plaintiff's 56.1 Statement ¶ 19].

Plaintiff claims that around the time of the Notice of Final Action, Brown was struggling with his wife's terminal illness. *Id.* Plaintiff further claims that Brown attempted numerous times to obtain an extension of the 30 days to appeal in light of this situation. *Id.* Plaintiff says Brown filed plaintiff's appeal on December 28, 2000. *Id.* Defendants claim Brown first submitted plaintiff's appeal on January 10, 2001 [Defendants' 56.1 Statement ¶ 19], but plaintiff claims this was a re-submission. [Plaintiff's 56.1 Statement ¶ 19]. On February 27, 2001, Brown submitted a brief on plaintiff's behalf. [Defendants'

56.1 Statement ¶ 20; Plaintiff's 56.1 Statement ¶ 20]. Though it is unclear from either the Notice of Appeal or the brief submitted on behalf of plaintiff, it appears that plaintiff was appealing the parts of the ALJ decision finding no discrimination with respect to the sick leave, "exit conference," and charge of using abusive language.

On May 9, 2001, the OFO dismissed plaintiff's appeal as untimely. [Defendants' 56.1 Statement ¶ 21; Plaintiff's 56.1 Statement ¶ 21]. Plaintiff claims this order granted plaintiff the right to file a civil action within 90 days of receipt of the order. [Plaintiff's 56.1 Statement ¶ 21]. On June 1, 2001, Brown filed a timely motion for reconsideration, arguing that the 30–day period should have been extended in light of the Clarification and his wife's illness. *Id.* On September 4, 2001, the OFO denied this motion, declaring that this was its final decision and there was no further right to appeal and stating that plaintiff had the right to file a civil action within 90 days of receipt. *Id.* For purposes of timeliness, plaintiff is assuming this decision was received within five days of the date of the decision. *Id.* at ¶ 22. The OFO denied the motion for reconsideration because there was no evidence Brown had attempted to get an extension until December 28, 2001, after the 30–day deadline had already passed. [Defendants' Motion for Summary Judgment at 8]. The OFO further stated that an appeal only requires the filing of a one-page notice of appeal. *Id.*

On December 7, 2001, Jenkins filed the complaint in this action. [Defendants' 56.1 Statement ¶ 22; Plaintiff's 56.1 Statement ¶ 22].

## DISCUSSION

### I. *Summary Judgment Standard*

A party is entitled to summary judgment when there is no "genuine issue as to

any material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Only factual disputes that might affect the outcome of the suit will preclude summary judgment. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. In considering a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## II. *Timely Exhaustion of Administrative Remedies*

■ Prior to bringing suit in federal district court under Title VII and the Rehabilitation Act, a federal employee is required to exhaust all of the administrative remedies at her disposal in a timely fashion. *See Pauling v. Secretary of Dep't of Interior,* 160 F.3d 133, 133 (2d Cir.1998) (Title VII); *Downey v. Runyon,* 160 F.3d 139, 145 (1998) (Title VII and Rehabilitation Act). Timely exhaustion of administrative remedies requires an employee to comply with applicable EEOC regulations. *Dillard v. Runyon,* 928 F.Supp. 1316, 1323 (S.D.N.Y.1996), *aff'd,* 108 F.3d 1369 (2d Cir.1997). The EEOC regulations at issue in the present case require the employee to file an appeal within 30 days or file a civil suit within 90 days of receipt of the dismissal, final action, or decision of the agency. 29 C.F.R. § 1614.402(a) (appeal); 29 C.F.R. 1614.407(a) and (c)(civil suit).

■ Viewing the facts in a light most favorable to plaintiff, plaintiff's representa-

tive Brown did not timely file a Notice of Appeal following the Postal Service's November 8, 2000 Notice of Final Action. EEOC regulations require the complainant to file a Notice of Appeal "within 30 days of receipt of the dismissal, final action, or decision." 29 C.F.R. § 1614.402(a). The Postal Service's Notice of Final Action was received by plaintiff on November 14, 2000.[2] Plaintiff claims her representative filed a Notice of Appeal by fax on December 28, 2000, while defendants claim that a Notice of Appeal was not received until January 10, 2001. For the purpose of this motion, I will assume the appeal was filed on December 28, 2000, making the time between the final decision and the appeal 44 days, and therefore untimely.

Plaintiff argues that the final decision was actually the November 15, 2000 Clarification, because the Clarification significantly altered the September 21, 2000 ALJ decision. [Plaintiff's 56.1 Statement at ¶ 16]. However, it is evident from the language of the Clarification that it in no way changed the outcome of the September 21, 2000 decision, and therefore did not change the timeline set out in the Notice of Final Action implementing that decision. Furthermore, case law supports the notion that the time period should begin when plaintiff was notified of her cause of action, regardless of subsequent events related to that cause of action. *See Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) (holding that filing limitations time period commenced when plaintiff found out she was denied tenure, not at the time she actually lost her teaching position); *Miller v. Interna-*

---

**2.** Though plaintiff's representative did not receive the Notice of Final Action until November 21, 2000, 29 C.F.R. § 1614.402(a) does not specify receipt by whom, therefore receipt can be interpreted as being received by plaintiff *or* her representative. *See Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 92, 111 S.Ct.

453, 456, 112 L.Ed.2d 435 (1990) (finding that the statutory requirement that an EEOC letter must be "received" meant receipt by plaintiff or her representative). So, I am considering the November 8, 2000 Notice to have been received on November 14, 2000.

*tional Telephone and Telegraph Corp.*, 755 F.2d 20 (2d Cir.1985) (finding that the period for filing a charge with the EEOC began when employee received notice of termination, not upon his discharge). In the instant case, the November 8, 2000 Notice of Final Action notified plaintiff of the Postal Service's final decision regarding the claims that form the basis of her present cause of action. Therefore, plaintiff's receipt of this Notice (on November 14, 2000) must be considered the start of the 30–day time period for appeal.

Following the filing of the Notice of Appeal, the OFO dismissed it as untimely. Plaintiff moved for reconsideration of the dismissal. On September 4, 2001, the OFO denied plaintiff's motion for reconsideration. The complaint in the present action was filed on December 7, 2001. Assuming several days for plaintiff to receive the OFO's decision, this suit was filed within 90 days of receipt of that decision.

■ Plaintiff claims that despite the untimeliness of the appeal, the present action is not time barred because it was filed within 90 days of receipt of the September 4, 2001 OFO decision. However, the filing of the suit within 90 days cannot cure the untimeliness of the original appeal. To hold otherwise would allow a plaintiff to circumvent the administrative procedures set up by Congress. *Conway v. Runyon*, 1995 WL 88976 at *2 (N.D.Ill. Feb. 24, 1995). Plaintiff argues that this action was timely filed because the September 4, 2001 OFO denial stated that plaintiff had a right to file a civil suit within 90 days of receipt of the denial. By federal regulation, the EEOC is required to give complainants notice of the right to file a civil action, but this requirement "does not serve to abrogate initial filing deadlines." *Id.*

### III. *Equitable Tolling*

■ Timely filing of a charge of discrimination with the EEOC, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). Equitable tolling applies to suits against the United States just as it does to suits against private defendants. *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990).

Equitable tolling has been applied "only sparingly" in private suits and a "no more favorable tolling doctrine may be employed against the Government." *Id.* at 96, 111 S.Ct. at 457–58. Equitable tolling has been allowed where (1) the claimant has diligently pursued his judicial remedies by filing a defective pleading during the statutory period, (2) the complainant has been induced or tricked by his adversary's misconduct into missing a deadline, (3) a court has led plaintiff to believe he has done all that is necessary, (4) affirmative misconduct on the part of defendant may have caused plaintiff's failure to act, (5) claimant has received inadequate notice, and (6) a motion for the appointment of counsel is pending. *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11–12 (2d Cir.1994).

In the present case, plaintiff claims that equitable tolling is warranted due to the terminal illness of Brown's (plaintiff's union representative) wife. Plaintiff contends that she is entitled to equitable tolling because (1) she diligently pursued her claims, (2) she received inadequate notice of the deadline, (3) her union representative was negligent, and (4) the Postal Service will not be prejudiced by equitable tolling.

### A. *Plaintiff's Diligence*

■ Plaintiff contends that she diligently pursued her claims, and is therefore

entitled to equitable tolling. While a reasonable jury could find that plaintiff was diligent, diligence alone is not sufficient to warrant equitable tolling. Courts have only granted equitable tolling where a claimant has been diligent *by filing a defective pleading, South,* 28 F.3d at 11, or where there has been reasonable diligence *plus* extraordinary circumstances. *Zerilli–Edelglass v. New York City Transit Authority,* 333 F.3d 74, 81 (2d Cir.2003). Courts have found there to be extraordinary circumstances in very limited cases, such as those in which plaintiff has a mental or physical disability. *See, e.g. Tsai v. Rockefeller Univ.,* 137 F.Supp.2d 276 (S.D.N.Y.2001); *Lloret v. Lockwood Greene Engineers, Inc.,* 1998 WL 142326 (S.D.N.Y. March 27, 1998). Equitable tolling was not warranted where plaintiff's attorney was absent from his office when the EEOC notice was received, *Irwin,* at 96, 111 S.Ct. at 458; where employee had a memory dysfunction, *Mahoney v. Beacon City Sch. Dist.,* 988 F.Supp. 395 (S.D.N.Y. 1997); or where plaintiff's sleep apnea made it difficult for him to file within the time limits, *Koch v. Donaldson,* 260 F.Supp.2d 86 (D.D.C.2003).

■ In the instant case, plaintiff claims that Brown's wife's terminal illness should be considered an extraordinary circumstance that prevented her from timely filing a Notice of Appeal. Defendants point out that a Notice of Appeal is only a one-page document that plaintiff could have easily filed herself. Furthermore, assuming plaintiff's account of events is accurate, Brown made numerous phone calls to the Postal Service attempting to get an extension of the 30–day deadline. If he had time to make these calls, he certainly had time to file a one-page document on behalf of plaintiff. His circumstances are no more extraordinary than those in *Irwin, Mahoney,* or *Koch,* and therefore equitable tolling is not warranted on this ground.

### B. *Inadequate Notice of EEOC Regulations*

■ Plaintiff contends she received inadequate notice of the requisite EEOC procedures because the Clarification did not notify plaintiff of her right to appeal and because defendants never issued another Notice of Final Action following the Clarification. As the Clarification is irrelevant in determining the beginning of the 30–day appeal period, plaintiff's claims concerning the Clarification and the Postal Service's actions subsequent to the Clarification are irrelevant.

The notice given in the Notice of Final Action itself is adequate as a matter of law because it clearly informed plaintiff of the 30–day deadline for appeal. In addition, there is evidence that plaintiff knew when the 30–day deadline expired, because her representative was supposedly trying to obtain an extension of that deadline. Moreover, plaintiff had constructive notice of the 30–day time limit because she had previously filed a timely appeal of the Postal Service's first Final Agency Decision on these same claims. *See Koch v. Donaldson,* 260 F.Supp.2d 86, 91–92 (D.D.C.2003).

### C. *Negligence of Union Representative*

■ Plaintiff contends that equitable tolling should be applied because of Brown's neglect. Plaintiff says she signed the Notice of Appeal and gave it to Brown on December 20, 2000, but he did not fax it until December 28, 2000. [Plaintiff's Opposition at 7]. However, Brown's neglect is irrelevant, because even if he had filed the appeal on December 20, 2000, it would have been filed 36 days after plaintiff's receipt of the Notice of Final Action, and therefore still would have been untimely.

### D. *Prejudice to Defendants*

Finally, plaintiff claims the time limit should be equitably tolled because equitable tolling would not prejudice defendants. Whether or not this is true need not be decided, because the issue of prejudice is not relevant absent some other valid reason for a time limit to be equitably tolled: "Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984). As plaintiff has not shown any other basis for equitable tolling in this case, prejudice to defendants is not a factor to be considered.

### CONCLUSION

Defendants' motion for summary judgment is granted.

This constitutes the decision and order of the Court.