**Nikita PETTIES, et al., Plaintiffs,**

v.

**THE DISTRICT OF COLUMBIA, et al., Defendants.**

**No. CIV.A. 05–0148(PLF).**

United States District Court, District of Columbia.

Aug. 5, 2003.

See also 238 F.Supp.2d 88.

Eugene R. Fidell, James Feldesman, Tanya Ann Harvey, Melissa McKeithen Thomson, Khatereh S. Giladi, Feldesman, Tucker, Leifer, Fidell & Bank, LLP, Washington, DC, Beth Goodman, Bradford Paul Johnson, Goodman & Johnson, Washington, DC, Patricia Anne Milerioux, ElizabethA. Greczek, University Legal Services, Inc., Protection and Advocay Program, Washington, DC, Kelly R. Bagby, University Legal Services, Washington, DC, David Patrick Sheldon, Washington, DC, Jesse D. Stein, University Legal Services, Inc., for Plaintiffs.

Andrew W. Racca, Steptoe & Johnson, L.L.P., Washington, DC, Barbara A. Miller, Birch, Horton, Bittner & Cherot, Washington, DC, Richard Stuart Love, Maria Claudia Amato, Jack M. Simmons, III, Robert C. Utiger, Garland Pinkston, Jr., Claude E. Bailey, Melvin W. Bolden, Jr., Jonathan F. Potter, Office Of Corporation Counsel, Washington, DC, Laurel Pyke Malson, Katherine Jackson Nesbitt, Crowell & Moring, L.L.P., Washington, DC, Michael Edward Zielinski, Social Security Administration, Long Beach, CA, Karen Ann Buck, Walter A. Smith, Jr., Washington, DC, Cathye Hopkins, Veleter Mazyck, DCPS General Counsel, Washington, DC, Daniel A. Rezneck, Office Of Corporation Counsel, Washington, DC, Laurie Pouzzner McManus, Arlington, VA, Grace Perry-Gaiter, Washington, DC, for Defendants.

## OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court for consideration of the Preliminary Report and Recommendations of the Special Master in the Matter of the Accotink Academy Invoice Dispute Hearing Held on March 19, 2003 ("Acc.Report") and the Report and Recommendations of the Special Master in the Matter of the Pathways Schools Invoice Dispute Hearing Held on March 27, 2003 ("Path.Report"), both filed by Steven M. Schneebaum in his capacity as Hearing Officer and Designee of Special Master Elise Baach ("Hearing Officer"). The Reports concern invoices submitted by the Accotink Academy ("Accotink") and the Pathways Schools ("Pathways"), private providers of special education services for defendant District of Columbia Public Schools ("DCPS") to DCPS for the months of October, November and/or December of 2002. Defendants filed a combined objection to the Reports, and plaintiffs responded in support of the Pathways Report.

## I. BACKGROUND

### A. *Payment to Private Providers Pursuant to the October 11, 2002 Order*

Payments by DCPS to private providers for special education services provided to

DCPS students are made pursuant to an Order of this Court, which details a highly structured payment scheme and delineates resolution procedures for disputes that arise concerning invoices submitted by private providers. *See* Order Modifying and Supplementing August 25, 1997 Order Regarding Payment System, dated October 11, 2002 ("October 11 Order" or "Order"). The Order was entered by the Court on joint motion of the parties.

Under the October 11 Order, providers must submit to defendants actual invoices for services rendered no later than the fifth day of every month following the month in which the services were provided. *See* October 11 Order ¶ (a). Payments are to be made by the first business day of the following month. *See id.* If defendants dispute any charges contained in an invoice, "defendants shall provide a written dispute notice to the provider no later than 20 days after the invoice was submitted," containing a detailed description of the basis of the dispute and all supporting documentation. *Id.* ¶ (b). If a portion of the invoice is undisputed, defendants must submit payment for that portion to the provider by the fifth day of the month following the month in which the invoice was submitted. *See id.* If defendants fail to provide a timely, well-documented dispute notice, "the amount invoiced by the school or provider will be accepted and paid by the defendants." *Id.* If a provider disagrees with the amount paid by defendants, it must submit to DCPS's Chief Financial Officer the reasons for its objection, in writing with supporting documentation, no later than 10 business days after receipt of a dispute notice. *See id.* ¶ (d). If a provider fails to submit such written objections within the time provided, "then the amount paid by the defendants will be understood to be accepted by the school or provider." *Id.*

Within 10 days of receipt of the provider's written objection and documentation under Subparagraph (d), defendants "shall issue either a separate check reconciling any difference from the amount originally paid, or a written rejection of any claim of the school and/or the provider and the reason for the rejection." *See* October 11 Order ¶ (e). A reconciliation or written rejection as set forth in Subparagraph (e) "will serve as the final administrative decision of the defendants." *Id.* ¶ (f). If the provider "is not fully satisfied with the reconciliation or the basis for rejection of their (sic) claim as set forth in subparagraph (e), and the parties are unable to reach a resolution, the provider may file a request for a proceeding to determine findings of fact and recommendations for resolution with the Office of the Special Master." *Id.* ¶ (g). A proceeding on the dispute shall be held before the Special Master or her designee. *See id.* ¶ (i).[1]

**B.  *October 2002 Disputed Invoices***

In his reports, the Hearing Officer detailed the facts surrounding the invoice challenges at issue. On November 5, 2002, Accotink submitted three invoices to DCPS for services provided in October of that year. On November 25, 2002, DCPS sent by facsimile a notice of dispute for one invoice that concerned Accotink's Alternative Learning Center, in the amount

---

1.  Special Master Elise Baach appointed Steven M. Schneebaum, Esq. as her designee for these purposes pursuant to the October 11 Order and to the Modification of Order of Reference of October 11, 2002, which outlined in greater detail the Special Master's role in the fee dispute resolution proceedings.
*See* October 11 Order ¶¶ (g)-(j); Modification of Order of Reference ¶ 4 ("The Special Master, in consultation with the defendants and plaintiffs' counsel, may recommend appointment of a proceeding officer as designee to perform the duties described in this Order.").

of $5353.33. Accotink objected to this notice on December 4, 2002, asserting that it was untimely because DCPS had faxed the notice after business hours on the last day it was due. DCPS never responded to this objection or paid the balance Accotink claimed it was due. *See* Acc. Report at 2–3.

### C. *November 2002 Disputed Invoices*

On or about December 5, 2002, Accotink submitted three invoices for services provided in November. In response, on December 24, 2002, DCPS faxed notices of dispute of the invoices concerning Accotink's Therapeutic School and the Alternative Learning Center. On January 6, 2003, Accotink submitted its written objection to DCPS, contending that the dispute notices were untimely and lacked sufficient supporting documentation. DCPS did not respond and did not pay Accotink the outstanding monies. *See* Acc. Report at 4.

### D. *December 2002 Disputed Invoices*

On January 5, 2003, Accotink submitted to DCPS its December 2002 invoices. On January 23, 2003, DCPS disputed one invoice for services relating to services in the Therapeutic School. Accotink objected on January 28, 2003. Then, on January 31, 2003, Accotink received a second letter from DCPS, dated January 23, 2003, that challenged the December Alternative Learning Center invoice. On February 3, 2003 Accotink objected to this second letter, asserting that it was untimely and lacked supporting documentation. On February 4, 2003, DCPS rejected Accotink's January 28, 2003 objection letter.[2] DCPS never responded to Accotink's February 3, 2003 letter. *See* Acc. Report at 5.

Pathways also submitted invoices for services it provided for two students in the month of December 2002. On January 24, 2003, Pathways received a dispute letter from DCPS regarding these invoices; Pathways responded in a timely manner. DCPS neither paid the disputed amount nor provided a written rejection within the time period set forth in the Order. On February 26, 2003, Pathways received a faxed copy of DCPS's original dispute letter with an additional billing dispute form attached. *See* Path. Report at 2–3.

## II. DISCUSSION

### A. *Method and Timeliness of Filings*

■ Accotink first challenges the timeliness of the dispute notice faxed to Accotink after the close of business on November 25, 2002, the day it was due under the October 11 Order. The Hearing Officer concluded that in light of the fact that the Order does not specify the method by which notice must be provided or the hour by which it must be delivered, he was reluctant to read additional requirements into the Order. He therefore concluded that the notice was timely filed. *See* Acc. Report at 6. The Court agrees. In prior decisions, this Court has determined both that filings submitted up to 11:59 p.m. on the day they are due are timely, *see Janczewski v. Secretary, Smithsonian Institution,* 767 F.Supp. 1, 5 (D.D.C.1991), and that facsimile is an appropriate method by which documents may be provided to other parties. *See Koch v. Donaldson,* 260 F.Supp.2d 86 at 90–91 (D.D.C.2003). In the absence of an express provision to the

---

**2.** The Hearing Officer, upon agreement of the parties, delayed disposition of the dispute relating to the December 2002 invoice for the Therapeutic School because it did not involve the issue currently before the Court. *See* Acc. Report at 10. The Hearing Officer issued a separate report and recommendation on this remaining invoice dispute and certain disputes relating to January 2003 invoices submitted by Accotink, which the Court will consider in a separate Memorandum Opinion.

contrary in the October 11 Order, the Court sees no reason to depart from these decisions and place additional requirements on DCPS. The Court therefore adopts the Hearing Officer's determination that DCPS's November 25, 2002 faxed notice of dispute constituted acceptable and timely compliance with the Court's Order.

### B. *Failure to Issue Final Administrative Decision Pursuant to Subparagraph (e)*

■ As noted, the Hearing Officer found that in October, November and/or December of 2002, Accotink and Pathways both filed at least one objection to DCPS's notices of dispute to which DCPS failed to respond in violation Subparagraph (e) of the October 11 Order. *See* Acc. Report at 7; Path. Report at 2. In the proceedings before the Hearing Officer, the providers asserted that such failure is grounds for default and automatic payment of the amounts requested in the original invoices, just as an untimely initial protest of an invoice would be under Subparagraph (b). Defendants did not dispute their failure to follow the requirements of Subparagraph (e), but countered that the providers' remedy for DCPS's nonperformance is the right to request a hearing before the Special Master, not default. *See* Acc. Report. at 7–8; Path. Report at 4.

The Hearing Officer determined that although the October 11 Order does not explicitly specify default as a remedy for failure to reconcile or issue a final dispute statement under Subparagraph (e), as it does in Subparagraph (b) for failure to issue the initial dispute notice, the failure to comply with Subparagraph (e) must be grounds for default. *See* Acc. Report. at 8; Path. Report at 5. He concluded that there is "no reason to interpret this Order to prescribe default for a failure to follow procedural requirements at one stage of the process but to tolerate the same failure at another stage." Acc. Report. at 8; Path. Report at 5. The Court's Order "is clearly premised upon the notion that DCPS should be required either to pay invoices or dispute them in a timely fashion." Acc. Report at 8. In the absence of a default remedy, there would be no incentive for DCPS to provide timely administrative decisions on disputes and nothing in the Order to protect the providers' rights. *See* Acc. Report. at 7–8; Path. Report at 4–5. Accordingly, the Hearing Officer recommended that the Court order DCPS to pay Accotink and Pathways immediately the outstanding amounts for the four disputed invoices at issue. *See* Acc. Report. at 10; Path. Report at 7.

Defendants acknowledge that DCPS failed to fulfill the explicit requirements of Subparagraph (e), but reiterate their position that the proper remedy for defendants' nonperformance is a hearing before and review by the Special Master. *See* Defendants' Opposition to the Report and Recommendation of the Special Master in the Matter of the Pathways Schools Invoice Dispute Hearing Held on March 27, 2003 and the Preliminary Report and Recommendations of the Special Master in the Matter of the Accotink Academy Invoice Dispute Hearing Held on March 19, 2003 ("Defs.' Opp.") at 3. They argue that under "established principles governing agency administrative proceedings," any administrative inaction by DCPS should be construed as a final agency decision, thereby allowing the provider to proceed with its request for a hearing. *Id.* at 3–4. Defendants maintain that if DCPS fails to respond under Subparagraph (e), it should be understood that it is resting on the position it expressed in its original dispute notice, and the parties should proceed to the Special Master. *See id.* at 4. The Court does not find this argument persuasive.

First, the Court rejects defendants' attempt to analogize these circumstances to matters in which courts have determined that an agency's failure to issue a final determination may activate administrative review. *See* Defs.' Opp. at 4. In the cases defendants cite, the courts relied on explicit statutory language that defined "agency action" as expressly including a failure to act. *See Center for Auto Safety v. National Highway Traffic Safety Administration,* 710 F.2d 842, 849 (D.C.Cir.1983); *Harris v. District of Columbia Office of Worker's Compensation,* 660 A.2d 404, 407 (D.C.1995). There is no similar statutory provision here.

Second, it is far from evident that a provider has the right under the agreed upon Order to bring such a dispute before the Special Master. Subparagraph (g) of the October 11 Order delineates the specific prerequisites for appeal to the Special Master: "If a provider is not fully satisfied with the reconciliation or basis for rejection of their (sic) claims as set forth in subparagraph (e), and the parties are unable to reach a resolution, the provider may file a request for a proceeding to determine findings of fact and recommendations for resolution with the Office of the Special Master." October 11 Order ¶ (g). The failure of DCPS to respond at all to the provider's objections is not an alternative ground. Furthermore, even if the provider relied on the original notice of dispute to assert its claim before the Special Master, allowing an appeal on the basis of the original dispute letter would bypass the development of a record that the Special Master requires in order to consider such a dispute.[3] If defendants wish to rest on the reasons articulated in their original dispute letter, it is not overly

burdensome to require them at least to submit a notice to the providers to that effect. Nonperformance, on the other hand, leaves the provider and, by extension, the Special Master, guessing.

Finally, the path proposed by defendants effectively would release DCPS from the responsibilities it has under Subparagraph (e) to provide reconciliation payments or its reason for failing to make full payment in a timely and adequate fashion. The Court will not interpret the Order in a manner that potentially eliminates an integral step from the payment procedures. The Court issued the October 11 Order with the consent of all parties to ensure prompt and accurate payments to private providers and schools. The Order has, and was intended by the parties to have, strict consequences for failure to follow its procedures. Defendants' proposed interpretation of the October 11 Order provides too much opportunity for DCPS to circumvent the payment scheme carefully set forth in the Order and increases the risk that DCPS could act arbitrarily in denying or delaying payment to providers. The Court agrees with the Hearing Officer that allowing defendants to avoid complying with Subparagraph (e) by failing to act is inconsistent with the tenor of the rest of the Order.

The Court's decisions in this class action consistently have announced the necessity for prompt, accurate payment for services rendered by private providers to DCPS special education students. *See Petties v. District of Columbia,* 881 F.Supp. 63, 66–67 (D.D.C.1995); *Petties v. District of Columbia,* 888 F.Supp. 165, 170–71 (D.D.C. 1995); *Petties v. District of Columbia,* 238 F.Supp.2d 88, 95 (D.D.C.2002). After years of operating under a less structured

---

**3.** Defendants concede that under their proposed scheme the "the parties, upon review, would be limited to the substantive grounds

and/or evidence on which they gave notice prior to review" by the Special Master. Defs.' Opp. at 6.

payment system, the Court issued the October 11 Order in order to formalize the payment structure and provide a mechanism by which DCPS will pay providers promptly while, at the same time, allowing DCPS to review and, if necessary, challenge the reasonableness and accuracy of the invoices submitted. The Court endorses both goals. Its decision today that DCPS's failure to fulfill the requirements of Subparagraph (e) constitutes a default and necessitates payment does not compromise—and indeed furthers—those intentions.[4]

For the foregoing reasons, it is hereby

ORDERED that the Court ADOPTS and APPROVES the Preliminary Report and Recommendations of the Special Master in the Matter of the Accotink Academy Invoice Dispute Hearing Held on March 19, 2003; it is

FURTHER ORDERED that on or before August 13, 2003, the District of Columbia Public Schools shall pay to Accotink Academy the following amounts:

1. $5353.33 outstanding for the October 2002 invoice relating to the Alternative Learning Center;

2. $22,280.62 and $3,310.06 for the November 2002 invoices relating to the Therapeutic School and the Alternative Learning Center, respectively; and

3. $ 2,324.67 for the December 2002 invoice relating to the Alternative Learning Center; it is

FURTHER ORDERED that the Court ADOPTS and APPROVES the Report and Recommendations of the Special Master in the Matter of the Pathways Schools Invoice Dispute Hearing Held on March 27, 2003; and it is

FURTHER ORDERED that on or before August 13, 2003 District of Columbia Public Schools shall pay to the Pathways Schools $7,117.50 for the December 2002 invoices relating to services provided to special education students R.M and D.J. as identified in the Pathways Report.

SO ORDERED.

---

4. In light of its finding that DCPS's response to Pathways's objection was untimely and thus in default of the October 11 Order, the Court will not consider at this time the Hearing Officer's findings with respect to defendants' tendered reason for failing to make full payment in a timely and adequate manner on the basis of alleged student absenteeism.